JAMES v. ST. LOUIS & S. F. RY. Co.

*(Circuit Court, W. D. Arkansas. February Term, 1891.)*

1. FOREIGN CORPORATION—CITIZEN OF ANOTHER STATE.

   A corporation becomes a domestic corporation of a state either by a creation of or adoption by such state. A corporation of one state may be made, by appropriate legislation, a citizen of another state. Whenever the effect of state legislation is to adopt a foreign corporation as one of its own, it becomes a citizen as well of the state adopting it as of that to which it owes its original character.

2. SAME—DOMESTIC CORPORATIONS.

   As to whether a state has adopted, and thus domesticated, a foreign corporation, is purely a question of legislative intent. When the legislature of Arkansas provided that every railroad corporation of any other state which has heretofore leased or purchased any railroad in this state shall, within 60 days from the passage of this act, file a duly-certified copy of its articles of incorporation or charter with the secretary of state of this state, and shall thereupon become a corporation of this state, it evinces by the language used a clear purpose to make such corporation a domestic one, and, when such articles of incorporation or charter are filed with the secretary of state, such foreign corporation becomes a corporation of the state.

*(Syllabus by the Court.)*

At Law.

*Hinds & Jackson* and *Clendenning, Mechem & Youmans*, for plaintiff.
*Clayton, Brizzolara & Forrester*, for defendant.

PARKER, J. This is a suit brought by the plaintiff, as the widow of Mathew James. She alleges in her complaint that her husband, Mathew James, was killed in the town of Monett, Mo., by the negligence of the servants of defendant, while said James was in the employ of the defendant as a fireman on one of its engines; that said injury occurred by reason of the defendant's negligent construction of a switch target; that it was so constructed that it struck deceased on the head while he was at work on his engine, and so injured him as to cause his death. Plaintiff alleges that she is a citizen of Missouri; that defendant is a corporation, and as such, in the year 1876, it was organized under the laws of the state of Missouri, and under its powers as such was, before March 13, 1889, operating a line of railway from the town of Monett, in Missouri, to the north line of the state of Arkansas; that before March 13, 1889, defendant, as a Missouri corporation, was operating a line of railway southward from the point at which its Missouri line struck the northern boundary of Arkansas to the city of Ft. Smith, in Arkansas; that said two lines of railway formed together one connected line of railroad between Monett, Mo., and Ft. Smith, Ark., and were then, and ever since have been, operated as one line of railroad; that on May 6, 1889, said Missouri corporation complied with the statutes of the state of Arkansas approved March 13, 1889, and entitled "An act relating to the consolidation of railroad companies, and the purchasing, leasing, and operation of railroads, and to repeal sections one, two, three, four, and five of an act entitled 'An act to prohibit foreign corporations from operating railroads in this state,'" approved March 22, 1887, by filing with the secretary for the state of Arkansas a duly-certified copy of its

articles of incorporation in the state of Missouri; that by so doing, under the act of March 13, 1889, it became a domestic corporation of this state. By these allegations the plaintiff undertakes to show such a state of facts as will make her a citizen of Missouri, and the defendant a citizen of the state of Arkansas, and a resident of this judicial district. To this complaint the defendant filed a demurrer, setting up the want of jurisdiction in this court to try the case, because both plaintiff and defendant are citizens of the same state, to-wit, Missouri, and that therefore there is not such a state of case existing as shows a citizenship of different states which must exist to give a federal court jurisdiction when difference of citizenship is relied on as a ground of jurisdiction.

The question arising on the issue presented by the pleadings is one which requires a consideration of the act of the legislature of the state of Arkansas of March 13, 1889. It is a question of legislative intention, to be deduced from a reasonable construction of the statute. This statute must be read by itself. It is an axiom of construction that an act of incorporation is to be construed strictly. So is this true as to whether an act does incorporate or not. When it is claimed that an act of the legislature has the effect of incorporating a railroad company, before it can be said to have this effect there must be the use of language clearly evincing a purpose to create a new corporation, or to adopt one of another state, so as to make it a domestic corporation of the adopting state. *Goodlett* v. *Railroad Co.*, 122 U. S. 409, 7 Sup. Ct. Rep. 1254. The supreme court in the same case said:

"Whether a corporation created by the laws of one state is also a corporation of another state, within whose limits it is permitted under legislative sanction to exert its corporate powers, is often difficult to determine."

Prior to the passage of the act of the legislature of the state of March 13, 1889, there can be no question that the defendant was in the state of Arkansas by its permission, and that such act of permission was nothing more than a mere license to do business in the state. So much of the act of the legislature of March 13, 1889, as bears on this question is as follows:

"Provided, further, that every railroad corporation of any other state, which has heretofore leased or purchased any railroad in this state, shall, within 60 days from the passage of this act, file a duly-certified copy of its articles of incorporation or charter with the secretary of state of this state, and shall thereupon become a corporation of this state, anything in its articles of incorporation or charter to the contrary notwithstanding; and in all suits or proceedings instituted against any such corporation process may be served upon the agent or agents of any such corporation or corporations in this state in the same manner that process is authorized by law to be served upon the agents of railroad corporations in this state, organized and existing under the laws of this state."

The first part of the section gives railroad companies in this state the right to sell or lease their connecting lines of road to any company outside of the state, and it also authorizes any such railroad company to buy or lease any connecting line in the state. The proviso set out above shows upon what terms this may be done. The proviso has reference to

railroad companies of other states which have heretofore leased or purchased connecting lines in this state. The defendant comes under this designation, for it came into the state by reason of a purchase by it of the property and franchises of another corporation before the passage of the act of March 13, 1889. As will be observed, it declares, when a duly-certified copy of the articles of incorporation or charter is filed with the secretary of state, it shall thereupon become a corporation of this state. Can a foreign corporation be in this way made a domestic one? The principle is now settled by the courts that a corporation of one state may, by appropriate legislation, be made a citizen of another state. Whenever the effect of state legislation is to adopt a foreign corporation as one of its own, it becomes a citizen as well of the state adopting it as of that from which it obtained its original charter. *Railroad Co.* v. *Wheeler*, 1 Black, 286; *Railway Co.* v. *Whitton*, 13 Wall. 270; *Railway Co.* v. *Vance*, 96 U. S. 450; *Railway Co.* v. *Alabama*, 107 U. S. 581, 2 Sup. Ct. Rep. 432; *Pennsylvania R. Co.* v. *St. Louis, A. & T. H. R. Co.*, 118 U. S. 290, 6 Sup. Ct. Rep. 1094; *Goodlett* v. *Railroad Co.*, 122 U. S. 391, 7 Sup. Ct. Rep. 1254; *Graham* v. *Railroad Co.*, 118 U. S. 161, 6 Sup. Ct. Rep. 1009; *Clark* v. *Barnard*, 108 U. S. 437, 2 Sup. Ct. Rep. 878; *Uphoff* v. *Railway Co.* 5 Fed. Rep. 545; *Stout* v. *Railroad Co.*, 3 McCrary, 1, 8 Fed. Rep. 794.

This array of able decisions settles the question of the power of the state to make a foreign corporation a domestic one. As to whether a state has done so in a given case, or merely licenses a foreign corporation to do business in the state, is a simple question of legislative intent. *Pennsylvania R. Co.* v. *St. Louis, A. & T. H. R. Co.*, 118 U. S. 290, 6 Sup. Ct. Rep. 1094. The court in that case said:

"It may not be easy in all such cases to distinguish between the purpose to create a new corporation which shall owe its existence to the law or statute under consideration, and the intent to enable the corporation already in existence under the laws of another state to exercise its functions in the state where it is so received."

And further in the same case the court declared:

"To make such a company a corporation of another state, the language used must imply creation or adoption in such form as to confer the power usually exercised over corporations by the state or by the legislature, and such as a state corporation owes to its creator. The mere grant of privileges or powers to it as an existing corporation, without more, does not do this, and does not make it a citizen of the state conferring such powers."

If this defendant is a corporation of the state, it is not so by creation, but by adoption. Is the language of this statute sufficiently clear and explicit to give the defendant the *status* of a domestic corporation? I think the language is express It says when a certain thing is done by a railroad company which has heretofore purchased or leased a connecting line of road in this state, to-wit, the articles of its incorporation or charter is filed in the office of the secretary of state, that it becomes a corporation of the state. This is the expression of a purpose so clearly, so expressly, as to leave nothing for construction. All that is to be done

with this language is to give it a strict and reasonable interpretation, that its meaning may be ascertained. When such interpretation is so given it, we must be convinced that it is sufficiently clear and explicit to evince the purpose of the legislature of the state to domesticate the defendant corporation by adoption; that its action, as affecting defendant company from its *status* when its act was passed, is something more than a mere license to defendant to do business in the state. The legislature having the power to do this, it being conceded that defendant has filed its charter with the secretary of state, and the legislature by apt and appropriate words having shown an intent to make defendant a domestic corporation, we must conclude that to be its *status*. This being so, the effect is to make it a citizen of Arkansas, and a resident of this judicial district, and, the plaintiff being a citizen of Missouri, the requisite citizenship to enable the plaintiff to maintain this suit in this jurisdiction exists. The position that the act of the legislature was in conflict with article 12, § 11, of the state constitution, is not, in my judgment, well taken. The demurrer to the jurisdiction will therefore be overruled.