### HORNE *v.* BOSTON & M. R. R.

*(Circuit Court, D. New Hampshire. October 13, 1883.)*

1. RAILROADS—SUITS AGAINST—WHEN CHARTERED IN SEVERAL STATES—JURISDICTION OF FEDERAL COURTS.

The supreme court has decided that when the same corporation owning a road which runs through several states is chartered by each of them, it is, by a useful fiction, to be considered for purposes of jurisdiction a citizen of each of the states; and where such a corporation is sued in one of the states in which it holds a charter, as a citizen of that state, it cannot set up that it is likewise a citizen of another.

2. SAME.

The fiction that makes two or three corporations out of what is in fact one, is established for the purpose of giving each state its legitimate control over the charters which it grants; but the acts and neglects of the corporation are done by it as a whole.

Motion to Remand.

*Marston & Eastman,* for plaintiff.

*Mr. Copeland,* for defendant.

LOWELL, J. The plaintiff, a citizen of New Hampshire, brought his action in one of the courts of that state against the defendants, as a corporation duly established and having a place of business at Exeter, in the same state, for personal injuries sustained through the fault of the defendants at Lawrence, in the state of Massachusetts, setting his damages at more than $500. The defendants, in due season, filed their petition, and moved to remove the action to this court. The justice refused to order the removal, and his ruling has been sustained by the full bench of the supreme court of New Hampshire. I have seen the opinion of the court, and agree with it, but as it may not be published for some time I will give briefly the facts of the case and the authorities which apply to them.

The defendants were first incorporated in New Hampshire by their

present name, and certain short lines of railroad were from time to time constructed in Massachusetts, which together made a continuous line of road from Boston to the state of New Hampshire, and was known as the Portland & Boston Railroad. There was a railroad chartered in Maine, under which certain parts of what is now the road of the defendants in this state were built and operated. The corporations in the three states were afterwards consolidated under substantially identical laws by which the Boston & Maine Railroad was chartered in Maine and Massachusetts, as it already had been in New Hampshire. The interests of the stockholders were united upon equitable conditions agreed upon by them, while each state required certain things to be done annually by the corporation which it had chartered.

The supreme court has decided that when the same corporation, owning a road which runs through several states, is chartered by each of them, it is, by a useful fiction, to be considered, for purposes of jurisdiction, a citizen of each of the states. *Ohio & M. R. Co.* v. *Wheeler,* 1 Black, 286. The operation of this rule is now usually avoided by chartering the company in a single state, and merely authorizing that identical company to do business in other states. In such a case it remains always a citizen of the first state. *Railroad Co.* v. *Koontz,* 104 U. S. 5; *Missouri, K. & T. Ry. Co.* v. *Texas & St. L. Ry. Co.* 10 Fed. Rep. 497; *Callahan* v. *Louisville & N. R. Co.* 11 Fed. Rep. 536.

If, however, there are charters in several states, the corporation, when sued in one of them as a citizen of that state, cannot set up that it likewise is a citizen of another. Thus, in *Ry. Co.* v. *Whitton,* 13 Wall. 270, a corporation chartered by Illinois and Wisconsin was sued as a citizen of Wisconsin by a citizen of Illinois. Afterwards the plaintiff himself removed the cause to the circuit court, and the defendant company moved to remand it, on the ground that it was a citizen of Illinois, but the court held that when sued in Wisconsin, as a citizen of that state, it could not deny its citizenship there. The only difference between that case and this is that here the plaintiff is a citizen of the state where the action is brought; but this does not affect the argument that the defendant company should not be permitted to deny its citizenship in this state. So it has been held in three circuits. *C. & W. I. R. Co.* v. *L. S. & M. S. Ry. Co.* 5 Fed. Rep. 19; *Uphoff* v. *Chicago, St. L. & N. O. R. Co.* Id. 545; and see the very able opinion of Judge HAMMOND in that case; *Johnson* v. *Philadelphia, W. & B. R. Co.* 9 Fed. Rep. 6.

The case of *Chicago & N. W. R. Co.* v. *Chicago & P. R. Co.* 6 Biss. 219, is distinguished by Judge DRUMMOND, who decided both cases, in 5 Fed. Rep. 19, *ubi supra,* and his remarks will apply to *Nashua & L. R. Co.* v. *Boston & L. R. Co.* 8 Fed. Rep. 458. See, also, the note of the learned reporter to *Johnson* v. *Philadelphia, W. & B. R. Co.,* *supra.*

This being the state of the authorities, I will only add that the fiction which makes two or three corporations out of what is, in fact, one, is established only for the purpose of giving each state its legitimate control over the charters which it grants, and that the acts and neglects of the corporation are done by it as a whole. It is immaterial, in considering the question of jurisdiction, that the damage complained of was suffered within the limits of Massachusetts, and that the judgment will bind the corporation in that state. See *Uphoff* v. *Chicago, St. L. & N. O. R. Co.*, *supra*.

Motion to remand granted.