## MISSOURI PAC. RY. CO. v. MEEH.

(Circuit Court of Appeals, Eighth Circuit. September 2, 1895.)

### No. 611.

FEDERAL COURTS—JURISDICTION—DIVERSE CITIZENSHIP—CORPORATION OF SEVERAL STATES.

A corporation formed by the consolidation of corporations of three different states, pursuant to the laws thereof, is, within each of such states, a corporation of that state; and the federal courts there held have no jurisdiction of a suit against it by a citizen of the state, on the ground of diverse citizenship.

In Error to the Circuit Court of the United States for the District of Kansas.

This was an action for personal injuries by George Meeh against the Missouri Pacific Railway Company. A demurrer to certain parts of the answer was sustained, and, upon trial before a jury, there was judgment for the plaintiff. Defendant brings error. Reversed.

B. P. Waggener, for plaintiff in error.

Thomas P. Fenlon (Thomas P. Fenlon, Jr., on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. The question for consideration in this case is whether a citizen and resident of the state of Kansas can maintain in the circuit court of the United States for the district of Kansas a suit against a railroad company for personal injuries sustained within the state of Kansas in consequence of the negligent conduct of the said railroad company, it appearing that, when the injuries were so sustained, said railroad company was duly incorporated under the laws of Kansas, and was operating a line of railroad in that state, and that it was also duly incorporated under the laws of the states of Missouri and Nebraska. The question arises in this wise: George Meeh, the defendant in error, sued the Missouri Pacific Railway Company, the plaintiff in error, in the circuit court of the United States for the district of Kansas, alleging that he was a citizen and resident of the state of Kansas, that the defendant company was a citizen and resident of the state of Missouri, and that he (the plaintiff) had sustained certain personal injuries, to his damage in the sum of $10,000, in consequence of the negligent operation by the defendant company of one of its trains near the town of Admire, in Lyon county, Kan. At the return term, on April 7, 1894, the defendant company appeared, and filed an answer to the complaint, which alleged, among other things, that it was a railway corporation "duly chartered, incorporated, and organized under and by virtue of the laws of the states of Kansas, Nebraska, and Missouri, and, as such corporation, operates a line of railway into and through the counties of Lyon and Leavenworth, in the state of Kansas." Later, on June 8, 1894, it filed a plea to the jurisdiction, alleging that the plaintiff was "a resident, citizen, and inhabitant of the state of Kan-

sas, and the said defendant, the Missouri Pacific Railway Company, was a corporation made up by the consolidation of three or more separate and distinct corporations, one incorporated under the laws of the state of Missouri, another under the laws of the state of Kansas, and another under the laws of the state of Nebraska, and that its articles of incorporation have been duly filed with the secretary of state of the state of Kansas, and it was at the date of the institution of this suit, and still is, a corporation incorporated under the laws of each of the states of Missouri, Kansas, and Nebraska, and the requisite diverse citizenship does not exist to give this court jurisdiction, and there is no federal question involved." No action appears to have been taken on this plea. Later, on June 11, 1894, the defendant company filed an amended answer to the complaint, the second and third paragraphs whereof were as follows:

"Second. For further answer, defendant says that this court has no jurisdiction to hear, try, and determine the matters herein; that at the commencement of this action, and prior to the alleged injuries complained of by the plaintiff, the plaintiff was, and ever since has been, a citizen, resident, and inhabitant of the state of Kansas; that at the commencement of this suit the defendant was, and ever since has been, a corporation chartered and incorporated under the laws of each the states of Missouri, Kansas, and Nebraska; that the said Missouri Pacific Railway Company was originally incorporated under the laws of the state of Missouri, but subsequently, and before the institution of this action, the said company, as so incorporated under the laws of Missouri, was duly and legally consolidated under the laws of Kansas with certain railway companies duly and legally incorporated under the laws of the state of Kansas, and subsequently such consolidated company was also consolidated under the laws of Nebraska with certain corporations incorporated under the laws of Nebraska, and such consolidated company then and there took the name of the Missouri Pacific Railway Company, the defendant herein; that the said defendant as consolidated had and has but one board of directors, and operates its system of railroad into and through the states of Missouri, Kansas, and Nebraska; and said defendant at the commencement of this suit was, and ever since has been, a resident citizen and inhabitant of the state of Kansas.

"Third. Defendant further says that this court has no jurisdiction to hear, try, and determine the question in controversy; that the state of Missouri is not included in or a part of the district of Kansas."

The plaintiff demurred to the second and third paragraphs of the amended answer, for the reason that the same were not sufficient in law, and the circuit court sustained the demurrer. Subsequently there was a trial before a jury, and a verdict was returned and a judgment entered in favor of the plaintiff.

Preliminary to a discussion of the main question in the case, noted above, we will notice two points urged by counsel for the defendant in error.

It is insisted that the jurisdictional question was waived, and does not arise upon the present record, because the defendant company filed a plea to the merits before filing a plea in abatement to the jurisdiction of the court. This point is not well taken, and must be overruled. It is true that it was once held that an objection to the jurisdiction of the court upon the ground of citizenship, in actions at law, should be made by a plea in abatement, and that, if a plea to the merits or the general issue was filed, it was a waiver of the plea in abatement, and that a plea of the latter character came too

late and was of no avail if filed after or in connection with a plea to the merits. De Sobry v. Nicholson, 3 Wall. 420; D'Wolf v. Rabaud, 1 Pet. 476; Smith v. Kernochen, 7 How. 198, 216; Sheppard v. Graves, 14 How. 505, 510; Wickliffe v. Owings, 17 How. 47; Conard v. Insurance Co., 1 Pet. 386, 450. But this rule was abolished by section 5 of the act of March 3, 1875 (18 Stat. p. 472, c. 137), which makes it the duty of the federal circuit courts to dismiss a suit at any time, or to remand it to the state court if it was originally removed therefrom, when it appears "to the satisfaction of the court   *   *   * that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court, or that the parties to said suit have been improperly or collusively made or joined either as plaintiffs or defendants for the purpose of creating a case cognizable" by the federal courts. By virtue of this statute, the time within which an objection to the jurisdiction may be taken is not limited as heretofore. The right to make such an objection is not waived by filing a plea to the merits, but the objection may be taken at any time after the suit is brought, in any appropriate manner, either by motion or plea; and it is the duty of the federal courts at all times either to dismiss or to remand a cause for want of jurisdiction apparent on the face of the record. Nashua & L. R. Corp. v. Boston & L. R. Corp., 136 U. S. 356, 373, 10 Sup. Ct. 1004; Railway Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. 510; Barth v. Coler, 9 C. C. A. 81, 19 U. S. App. 646, and 60 Fed. 466.

It is further insisted in behalf of the defendant in error that, when the demurrer to the second paragraph of the answer was sustained, the answer simply alleged that the Missouri Pacific Railway Company was a corporation duly incorporated under the laws of Kansas "at the commencement of the suit," and that this averment in the answer did not meet the general allegation of the complaint that the defendant company "was a citizen and resident of the state of Missouri." We need not stop to decide whether this view is sound or unsound, because the second paragraph of the answer containing the plea to the jurisdiction was immediately amended by leave of court so as to state that the Missouri Pacific Railway Company was a Kansas corporation, operating a line of road in that state, when the alleged injuries were sustained, as well as when the suit was commenced; and the case went to trial on the amended special plea alleging this fact, which was neither denied by the reply nor the sufficiency thereof challenged by demurrer. The case was obviously tried by the circuit court, and the demurrer to the second and third paragraphs of the answer was obviously sustained, on the ground that the fact that the defendant company had been incorporated in Missouri as well as in Kansas entitled a citizen of Kansas to sue it in the federal circuit court of that state for an act of negligence there committed. We must, accordingly, consider and decide whether that view is tenable.

At this day it must be regarded as settled beyond doubt or controversy that two states of this Union cannot by their joint action create a corporation which will be regarded as a single corporate entity, and, for jurisdictional purposes, a citizen of each state which joined in

creating it.   One state may create a corporation of a given name, and the legislature of an adjoining state may declare that the same legal entity shall be or become a corporation of that state as well, and be entitled to exercise within its borders, by the same board of directors and officers, all of its corporate functions.   Nevertheless, the result of such legislation is not to create a single corporation, but 'two corporations of the same name, having a different paternity. This was decided in Railroad Co. v. Wheeler, 1 Black, 286, 297, where Mr. Chief Justice Taney, speaking for the supreme court, said:

"It is true that a corporation by the name and style of the plaintiffs appears to have been chartered by the states of Indiana and Ohio, clothed with the same capacities and powers, and intended to accomplish the same objects; and it is spoken of in the laws of the states as one corporate body, exercising the same powers and fulfilling the same duties in both states.   Yet it has no legal existence in either state, except by the law of the state; and neither state could confer on it a corporate existence in the other, nor add to or diminish the powers to be there exercised.   It may, indeed, be composed of and represent, under the corporate name, the same natural persons.   But the legal entity or person, which exists by force of law, can have no existence beyond the limits of the state or sovereignty which brings it into life, and indues it with its faculties and powers.   The president and directors of the Ohio and Mississippi Railroad Company is, therefore, a distinct and separate corporate body in Indiana from the corporate body of the same name in Ohio, and they cannot be joined in a suit as one and the same plaintiff, nor maintain a suit in that character against a citizen of Ohio or Indiana in a circuit court of the United States."

The doctrine of this case was afterwards reaffirmed in Railway Co. v. Whitton, 13 Wall. 270, 283, where Mr. Justice Field used the following language, speaking of a corporation that had been duly incorporated under the laws of Illinois and Wisconsin:

"But it is said—and here the objection to the jurisdiction arises—that the defendant is also a corporation under the laws of Illinois, and therefore is also a citizen of the same state with the plaintiff.   The answer to this position is obvious.   In Wisconsin the laws of Illinois have no operation.   The defendant is a corporation, and as such a citizen, of Wisconsin, by the laws of that state. It is not there a corporation or a citizen of any other state.   Being there sued, it can only be brought into court as a citizen of that state, whatever its status or citizenship may be elsewhere.   Nor is there anything against this view, but, on the contrary, much to support it, in the case of Railroad Company v. Wheeler [supra]."

These cases have since been referred to, and the doctrine enunciated therein has been approved, in Muller v. Dows, 94 U. S. 444, 447; in Pennsylvania R. Co. v. St. Louis, A. & T. H. R. Co., 118 U. S. 290, 298, 6 Sup. Ct. 1094; and in Nashua & L. R. Corp. v. Boston & L. R. Corp., 136 U. S. 356, 376, 377, 10 Sup. Ct. 1004.   They have also been cited and followed by the supreme courts of Michigan and Illinois in Chicago & N. W. R. Co. v. Auditor General, 53 Mich. 91, 18 N. W. 586; in Racine & M. R. Co. v. Farmers' Loan & Trust Co., 49 Ill. 331, 348; and by Judge Caldwell on the circuit in Fitzgerald v. Railway Co., 45 Fed. 812.

Chief Justice Cooley remarked in Chicago & N. W. R. Co. v. Auditor General, supra, that:

"It is impossible to conceive of one joint act performed simultaneously by two sovereign states which shall bring a single corporation into being, except it be by compact or treaty.   There may be separate consent given for the

consolidation of corporations separately created; but, when the two unite, they severally bring to the new entity the powers and privileges already possessed, and the consolidated company simply exercises in each jurisdiction the powers the corporation there chartered had possessed, and succeeds there to its privileges."

And in the case of Quincy Bridge Co. v. Adams Co., 88 Ill. 615, 619, Mr. Justice Breese said, speaking of a corporation that had been incorporated both by the states of Illinois and Missouri:

"The states of Illinois and Missouri have no power to unite in passing any legislative act. It is impossible, in the very nature of their organizations, that they can do so. They cannot so fuse themselves into a single sovereignty, and, as such, create a body politic which shall be a corporation of the two states, without being a corporation of each state or of either state. As argued by appellee, the only possible status of a company acting under charters from two states is that it is an association incorporated in and by each of the states; and, when acting as a corporation in either of the states, it acts under the authority of the charter of the state in which it is then acting, and that only, the legislation of the other state having no operation beyond its territorial limits. We do not and cannot understand that appellant derives any of its corporate powers from the legislature of the state of Missouri, but wholly and entirely from the general assembly of this state."

Assuming, then, that there are three distinct legal entities known as the Missouri Pacific Railway Company,—one a corporation of Missouri, another a corporation of Kansas, and another a corporation of Nebraska,—we turn to consider whether, on the state of facts disclosed by this record, the circuit court of the United States for the district of Kansas had jurisdiction of the case at bar. We think that this question was practically decided in the cases heretofore cited. Thus, in Railway Co. v. Whitton, 13 Wall. 270, 283, the plaintiff, who was a citizen of Illinois, sued the railway company, which had been incorporated by the states of Wisconsin and Illinois, in the courts of Wisconsin, for a negligent act committed in Wisconsin. Subsequently the plaintiff removed the case to the circuit court of the United States for the district of Wisconsin, and the question arose whether the latter court had jurisdiction. It will be noticed that in the paragraph of the opinion above quoted Mr. Justice Field said:

"The defendant is a corporation, and as such a citizen, of Wisconsin, by the laws of that state. It is not there a corporation or a citizen of any other state. Being there sued, it can only be brought into court as a citizen of that state, whatever its status or citizenship may be elsewhere."

So, in the case of Railroad Co. v. Wheeler, 1 Black, 286, the plaintiff company described itself as a corporation created and existing under the laws of the states of Indiana and Ohio, having its principal office in Cincinnati, Ohio. It sued Wheeler, describing him as a citizen of Indiana, in the circuit court of the United States for the district of Indiana; but the supreme court held that the action could not be maintained, saying in substance that in the character in which the company had sued, as a corporation of Indiana and Ohio, it could not maintain a suit against a citizen of Ohio or Indiana in a circuit court of the United States. The decisions in Nashua & L. R. Corp. v. Boston & L. R. Corp., 136 U. S. 356, 365, 10 Sup. Ct. 1004, and in Muller v. Dows, 94 U. S. 444, 447, do not conflict with the prior decisions of the supreme court of the United States, for in the former of these

cases the New Hampshire corporation, the Nashua Railroad, which had been created a corporation of the state of Massachusetts, sued the Massachusetts corporation in the circuit court of the United States for the district of Massachusetts, to adjust certain differences that had arisen, growing out of a contract in which the two companies had dealt with each other as separate legal entities; and it was held that the suit could be maintained.  So, in Muller v. Dows, two citizens of New York and a citizen of Missouri united in· bringing a suit against two railroad corporations in the district of Iowa.  Both of the defendant corporations were incorporated under the. laws of Iowa, but one of them, by consolidation proceedings, had also become a corporation of the state of Missouri.  This fact was supposed to destroy the jurisdiction of the court.  But the supreme court held otherwise, saying that the consolidated company "in the state of Iowa [where sued] *  *  * was an Iowa corporation existing under the laws of that state alone."  The rule, we think, that may fairly be extracted from these cases, is this:  That whenever a corporation of one state, by legislative sanction, becomes also a corporation of another state, either by the process of consolidation or otherwise, whatever acts it subsequently does or performs in the latter state it does and performs as a domestic, and not as a foreign, corporation.  It derives all of its powers to act as a corporation in the state of its adoption from local laws.  If it is there sued for an act done within the state, it is sued and must answer as a domestic, and not as a foreign, corporation.  The same thought was expressed by Mr. Justice Breese in the passage quoted from Quincy Bridge Co. v. Adams Co., supra, when he said:

"The only possible status of a company acting under charters from two states is that it is an association incorporated in and by each of the states; and, when acting as a corporation in either of the states, it acts under the authority of the charter of the state in which it is then acting, and that only, the legislation of the other state having no operation beyond its territorial limits."

Nor is there anything new or strange in the view that a foreign corporation, when created a corporation by the laws of some other state, must thereafter act in the latter state and be there dealt with as a domestic corporation.  It was long ago said in Paul v. Virginia, 8 Wall. 168, 181, that a "corporation, being the mere creation of a local law, can have no legal existence beyond the limits of the sovereignty where created.  *  *  * The recognition of its existence even by other states, and the enforcement of its contracts made therein, depend purely upon the comity of those states,—a comity which is never extended where the existence of the corporation or the exercise of its powers are prejudicial to their interests or repugnant to their policy.  Having no absolute right of recognition in other states, but depending for such recognition and the enforcement of its contracts upon their assent, it follows, as a matter of course, that such assent may be granted upon such terms and conditions as those states may think proper to impose.  They may exclude the foreign corporation entirely; they may restrict its business to particular localities, or they may exact such security for the performance of its contracts with their citizens as in their judgment will best promote the public interest.  The whole matter rests in their discretion."  Instead of

merely licensing a foreign corporation to operate a railroad or to transact any other business within its borders, a state may, for reasons of its own, adopt the foreign corporation by creating it a domestic corporation with the same franchises and powers that it exercises in the state which originally created it, or with powers that are less or more extensive. When a state pursues the latter course, and adopts the foreign corporation as one of its own creation, it follows, we think, that all of its subsequent acts and transactions within the state of its adoption are the acts of a domestic corporation, that the franchises and powers there exercised were conferred by local laws, and that process served upon its officers or agents within the state is served upon the domestic corporation rather than upon the foreign corporation of the same name.

It follows from what has been said that the parties to the suit at bar must be regarded as citizens and residents of the same state. The averments contained in the amended answer are sufficient to show that the Missouri Pacific Railway Company, which figured as the defendant in the circuit court and as the plaintiff in error here, is in reality a domestic corporation of the state of Kansas. The injuries complained of were inflicted upon a citizen of the state of Kansas while the defendant company was operating its road in that state. Under these circumstances, we hold that the circuit court of the United States for the district of Kansas had no jurisdiction of the case, and that, upon the state of facts disclosed by the present record, the suit should have been dismissed. The judgment of the circuit court is accordingly reversed, and the case is remanded to that court for a new trial.