SMITH v. NEW YORK, N. H. & H. R. CO.

(Circuit Court, D. Massachusetts. September 15, 1899.)

No. 772.

1. RAILROADS—JOINT LIABILITY FOR TORTS.

Railroad corporations created by concurrent legislation of two or more states, having a joint interest in the operation of the entire line of road extending through or into such several states, are jointly liable for a tort committed in its operation in either state.

2. JURISDICTION OF FEDERAL COURTS—CITIZENSHIP OF CORPORATION—CONSOLIDATION.

The legislature of Massachusetts, in 1839, incorporated from natural persons the Hartford & Springfield Railroad Corporation, authorized to build a road to the north line of Connecticut, "with a view to unite the said railroad" with one authorized by the legislature of Connecticut to be built from Hartford to the state line, and which was built by the Hartford & New Haven Railroad Company, a Connecticut corporation. These two companies were afterwards consolidated by concurrent legislation of the two states, under the name of the Hartford & New Haven Railroad Company. Still later, by concurrent acts of the two states, such company was authorized to consolidate with the New York & New Haven Railroad Company; the Massachusetts act providing that, on the completion of certain required acts, "said companies shall become and be merged and consolidated into one corporation, under the name of the New York, New Haven & Hartford Railroad Company, and shall become and be a body politic and corporate, and shall possess, hold and enjoy all the rights, pow-

ers, franchises and privileges, theretofore vested in either of said corporations." Laws 1872–73, c. 171, § 3. *Held*, that under such legislation the New York, New Haven & Hartford Railroad Company became the successor in law of the Hartford & Springfield Railroad Corporation, and, as such lawful successor, a corporation of Massachusetts and a citizen of that state for the purposes of the jurisdiction of a federal court.[1]

This was an action to recover damages for an alleged tort, and the present hearing is on a motion to dismiss for want of jurisdiction.

Richard M. Saltonstall, for plaintiff.

Charles F. Choate, Jr., for defendant.

PUTNAM, Circuit Judge. This case was assigned for trial by a jury, the court, at the time the assignment was made, not having been informed of the fact that a jurisdictional question was involved. On opening the pleadings at the time the jury was impaneled, it was made known to the court that the issue covered by this opinion was raised by the defendant. It was also found that the issue involved too much investigation to be properly disposed of with the expedition which the necessities of a jury trial call for, and that the cause must either be continued, or the practice which was approved in Wetmore v. Rymer, 169 U. S. 115, 18 Sup. Ct. 293, followed, as nearly as might be, reserving the rights of both parties to except to the final rulings on the question of jurisdiction, and to sue out the proper writ of error based on such exceptions, so far as it was in our power to give effect to such reservation. Thereupon, after the verdict of the jury had been rendered against the defendant, it again brought this issue to the attention of the court by a formal motion to dismiss for want of jurisdiction, reaffirming the allegations relating thereto found in its answer to the plaintiff's declaration, and the motion has now been heard by us and carefully considered.

The issue before us resolves itself into two fundamental questions, that is to say: Whether the case falls within the class to which Nashua & L. R. Corp. v. Boston & L. R. Corp., 136 U. S. 356, 10 Sup. Ct. 1004, relates, or within that class covered by Railway Co. v. James, 161 U. S. 545, 16 Sup. Ct. 621, and Louisville, N. A. & C. Ry. Co. v. Louisville Trust Co., 174 U. S. 552, 19 Sup. Ct. 817, or whether, by possibility, the case is so exceptional that it does not fall within either of these classes.

The line of railroad to which this case relates is continuous, and is operated continuously, extending into or through New York, Connecticut, Rhode Island, and Massachusetts. At the trial by the jury, the court was satisfied that, while the mere injury for which the plaintiff sued occurred in Connecticut, the relations between the parties by virtue of which the injury afforded a right of action arose in Rhode Island. The defendant, in arguing this motion to dismiss for want of jurisdiction, submitted the following proposition:

"That if it should be held, for purposes of jurisdiction in this case, the defendant is a citizen of Massachusetts only, yet that the Massachusetts corporation, which is made the defendant in this case, is not liable to this

---

[1] As to citizenship of corporations for purposes of federal jurisdiction, see note to Mason v. Dullagham, 27 C. C. A. 301.

plaintiff, because it could not, and did not, commit or permit the act of negligence upon which the plaintiff relies to recover."

This, however, under the existing circumstances, relates entirely to the merits of the case, and it was disposed of by the rulings during the trial so far as the proposition was then brought to the attention of the court. There is ordinarily no difficulty growing out of this proposition with reference to corporations organized by concurrent legislation of several legislatures, as were the Nashua & Lowell Railroad Corporation and the Boston & Lowell Railroad Corporation, referred to in the case already cited; because, in such instances, each has a joint interest in the operation of the entire line of railroad through the several states whose legislatures have acted, and may be therefore liable jointly, whatever may be the locus of the tort. This is evident on principle, and is also in harmony with the line of reasoning in Railway Co. v. James, where it appears, on pages 546, 554, 161 U. S., and page 621, 16 Sup. Ct., that, while the suit was brought in the Arkansas district, the cause of action arose in Missouri. Yet no point was made by the supreme court on this account, although, except for the principle to which we have referred, of the joint liability of corporations created by concurrent legislation and jointly operating a line of road extending through several states, this fact would have stood at the threshold of the case, and would have disposed of it. The view of Judge Lowell was the same in Horne v. Railroad Co., 18 Fed. 50, 52. Therefore, if there is in fact a corporation created by the legislature of Massachusetts, under the circumstances required by the decisions of the supreme court to which we have referred, and known as the New York, New Haven & Hartford Railroad Company, the proposition of the defendant which we have cited, and all other propositions touching the liability of that corporation, are aside from any question of jurisdiction which we now have before us, and cannot be considered with reference to it.

In the case at bar, the defendant is described in the record as the New York, New Haven & Hartford Railroad Company, and is alleged to be a corporation created by the laws of Massachusetts; and, in accordance with the rule established by the supreme court, it is therefore presumed to be a citizen of that state, and it is so described in the writ. No question has been made before us with reference to the legislation of any state, except Massachusetts and Connecticut; and therefore the principal issue is whether the allegation that the New York, New Haven & Hartford Railroad Company, defendant in this case, can, under the legislation of the two states named, which has been brought to our notice, be held to be a corporation of the state of Massachusetts, or whether, in this respect, the allegation that it is such is contrary to law, and therefore to be so determined, whether brought to our attention on a motion, plea, demurrer, or in any other way suitable to raise an issue of that kind, wherever an allegation is legally impossible.

Apparently, we can dispose without difficulty of the question whether or not this case is in the class covered by Railway Co. v. James, ubi supra. It seems that, in some of the Western states, either the constitution or general legislation provides that no corporation

except a domestic one shall exercise the right of eminent domain. Therefore it is not uncommon to find legislation with reference to foreign railroad corporations desiring to extend their lines into or through a particular state, whereby the legislature of the latter state, instead of enacting that the foreign corporation may exercise its franchises within the state, which would not meet the constitutional or general statute provisions to which we have referred, declares the foreign corporation a domestic corporation. It seems now to be established by the supreme court that when a foreign corporation, as such, is declared to be a corporation by the legislature of another state, it does not, for federal jurisdictional purposes, become a citizen of the latter state, and that, for such purposes, no corporation can be a citizen of any particular state unless created by its legislature, or under its authority, of natural persons, as was the case with the corporations in Nashua & L. R. Corp. v. Boston & L. R. Corp., ubi supra. We so understand the expression in the opinion in Railway Co. v. James, 161 U. S., at page 565, 16 Sup. Ct. 628:

"In order to bring such an artificial body as a corporation within the spirit and letter of that constitution [meaning the constitution of the United States], as construed by the decisions of this court, it would be necessary to create it out of natural persons, whose citizenship of the state creating it could be imputed to the corporation itself."

This rule and phraseology are both reaffirmed in Louisville, N. A. & C. Ry. Co. v. Louisville Trust Co., 174 U. S., at pages 565, 566, 19 Sup. Ct. 817. It is to be observed that in Memphis & C. R. Co. v. Alabama, 107 U. S. 581, 2 Sup. Ct. 432, it was held that an action could not be brought by a citizen of Alabama against a corporation made by the statutes of that state an Alabama corporation, previously incorporated in Tennessee, and not constituted in Alabama of natural persons. This case was cited, and not disapproved, in Railway Co. v. James, 161 U. S., at page 559, 16 Sup. Ct. 621; so that the rule which we have given with reference to corporations which are not organized from natural persons stands limited to the extent of the rule of Memphis & C. R. Co. v. Alabama, although this limitation is not of consequence in the case at bar.

When we explain the statutes out of which the corporation in issue in the present case arose, we think it will be clear that Massachusetts has not attempted to create a Connecticut corporation, as such, into a corporation within its own jurisdiction. Therefore we have nothing left except to consider whether the New York, New Haven & Hartford Railroad Company is a corporation within Massachusetts, as were the corporations in Nashua & L. R. Corp. v. Boston & L. R. Corp., ubi supra. In determining this question, we think that, with reference to cases of the class of that last referred to, we ought not to go a step beyond what has been actually decided. Our reasons for this are that the underlying rule with reference to the jurisdiction of federal courts over corporations is somewhat artificial, and, with reference to corporations created by concurring legislation, it is so to such a degree that it was declared by Judge Lowell, in Horne v. Railroad Co., already cited, at page 51, as a "useful fiction." We have also to remember that in Farnum v. Canal Corp., 1 Sumn. 46, 62,

Fed. Cas. No. 4,675, cited with approval in the opinion of Mr. Justice Field, rendered in behalf of the court in Nashua & L. R. Corp. v. Boston & L. R. Corp., 136 U. S., at page 376, 10 Sup. Ct. 1008, Mr. Justice Story, in stating the rule, said: "Neither [that is, neither corporation] was merged in the other. If it were otherwise, which became merged? The acts of incorporation create no merger, and neither is pointed out as survivor or successor." In other words, this expression sounds the keynote, in that it intimates that the rule applied in cases of the class of Nashua & L. R. Corp. v. Boston & L. R. Corp. is one of necessity. Indeed, that the rule is not to be extended was positively stated in the opinion rendered by Mr. Justice Harlan in behalf of the court, in Railway Co. v. James, 161 U. S., at page 563, 16 Sup. Ct. 621, and on this point it might have been sufficient to have referred to that expression alone.

We should also bear in mind the observation of Mr. Justice Harlan in his opinion in behalf of the court in Goodlett v. Railroad Co., 122 U. S. 391, 7 Sup. Ct. 1254, in which he said, at page 401, 122 U. S., and page 1255, 7 Sup. Ct.: "Whether a corporation created by the laws of one state is also a corporation of another state within whose limits it is permitted, under legislative sanction, to exert its corporate powers, is often difficult to determine." We also note his more important observation in the same opinion at page 406, 122 U. S., and page 1257, 7 Sup. Ct.: "The solution of this question [meaning the same issue which we have at bar] depends upon the intent of the legislature of Tennessee, as gathered from the words used in the statutes now to be examined." We also refer to the application to this class of cases of the well-known rule made in Memphis & C. R. Co. v. Alabama, 107 U. S., at page 584, 2 Sup. Ct. 432, that the whole legislation must be taken together,—a rule which is also applied to the same class of cases in Goodlett v. Railroad Co., 122 U. S., at page 404, 7 Sup. Ct. 1254. In each of the cases referred to, the legislation contained inconsistent expressions, but some leading fact necessarily brought the court to the conclusions which were reached, and such, we think, will be found to be the condition in the case at bar.

We have now nothing remaining except to apply these principles to those portions of the legislation of Massachusetts and Connecticut which have been brought to our attention. The first act which we need consider is the statute of Massachusetts approved April 5, 1839, creating a corporation from natural persons by the name of Hartford & Springfield Railroad Corporation, with authority to construct and operate a railroad from Springfield to the north line of the state of Connecticut, "with a view," as stated in the act, "to unite the said railroad with a railroad authorized by the legislature of Connecticut, from Hartford to the line of the state of Massachusetts." With some intervening legislation which we need not consider, the legislature of Massachusetts, by an act approved February 23, 1844, provided that "the persons who now are, or may hereafter be, stockholders of the Hartford & New Haven Railroad Company, a corporation established by an act of the legislature of the state of Connecticut, shall be stockholders of this corporation [meaning thereby the Hart-

ford & Springfield Railroad Corporation], together with such persons as now are, or may hereafter become, stockholders of this corporation." This act contained the customary provisions for consolidating the two corporations, similar in effect to those found with reference to the corporations under consideration in Nashua & L. R. Corp. v. Boston & L. R. Corp., already referred to; and there can be no question that the original corporations which were merged in the consolidated corporation authorized by the act last cited, and by concurring legislation of Connecticut, the details of which we need not point out, stood, so far as the jurisdiction of the federal courts is concerned, in the same position as the corporations in that case. The act of February 23, 1844, provided, however, as follows: "The said corporation, so far as their road is situated in Massachusetts, shall be subject to the general laws of this state to the same extent as if their road were wholly therein." It also provided that one or more officers of the consolidated corporation should be resident in Massachusetts, and one or more in Connecticut, on whom processes against the corporation might legally be served in either state; and it added: "And said corporation shall be held to answer within the jurisdiction where such service shall be made and the process is returnable." These provisions, and some others which appear in the statute of February 23, 1844, would, standing alone, carry the implication that the consolidated corporation was foreign to Massachusetts; but, applying the rules of construction to which we have referred, the result of the legislation is of so positive a character that these expressions must be held to have been inserted as a matter of greater caution, and not as contravening the clear effect of the statute with reference to the class of questions which we have under consideration. Afterwards, by an act approved April 23, 1847, the legislature of Massachusetts provided that, when the Hartford & Springfield Railroad Corporation should have been united with the Connecticut corporation, according to the terms of the act approved February 23, 1844, and according to the similar provisions of laws enacted in Connecticut, the united corporation should be called the Hartford & New Haven Railroad Company; and again, out of greater caution, it reiterated the provision that the road of the consolidated corporation, so far as it was situated in Massachusetts, should be subject to the laws of that state to the same extent as if wholly therein. Meanwhile, the legislature of Connecticut had incorporated the New York & New Haven Railroad Company, which, so far as we comprehend the legislation, was never authorized to construct or operate any portion of any railroad within Massachusetts over the line of the Hartford & Springfield Railroad Corporation prior to the legislation to which we will next refer, although, whether it was so authorized or not, would not, so far as we can perceive, have a preponderating effect on the issue now before us. By an act approved July 26, 1871, the legislature of Connecticut authorized a consolidation of the Hartford & New Haven Railroad Company with the New York & New Haven Railroad Company, under the name of the New York, New Haven & Hartford Railroad Company, which is that given the defendant by the writ in this case. This act contained similar provisions to those usual in

legislation authorizing the consolidation of corporations controlling railroads. By a concurring act approved April 5, 1872, the legislature of Massachusetts provided, in section 1, as follows:

"The Hartford & New Haven Railroad Company may sell, transfer, merge and consolidate its corporate rights, powers and estate to, into and with the New York & New Haven Railroad Company, upon such considerations, terms, stipulations and conditions as may be agreed upon between said corporations and as are authorized by the provisions of this act."

It next provided, in section 2, for the execution of an agreement "for the sale, transfer, purchase and merger hereby authorized," specifying the details of what might enter into the agreement, and, further, that a copy of it, "together with a certificate of the adoption thereof," should be filed in the office of the secretary of state.

The next provision, which is found in section 3, is as follows:

"Upon the filing of such certificate said companies shall become and be merged and consolidated into one corporation, under the name of the New York, New Haven & Hartford Railroad Company, and shall become and be a body politic and corporate, and shall possess, hold and enjoy all the rights, powers, franchises and privileges, theretofore vested in either of said corporations, and all property, real and personal, of said companies, 'shall be deemed to be vested in said consolidated corporation."

The first provision found in this act contains the words we have cited, "sell, transfer, merge and consolidate," followed by the words, "its corporate rights, powers and estate." This phraseology is, of course, subject to several different constructions, and, standing alone, it might be held to contemplate an election among different modes of procedure by the corporations to which the legislation relates. The words, "rights, powers and estate," might well be construed as limited to property and franchises necessary to the construction and operation of the railroads which the corporations controlled, and as not including that class of franchises which relate merely to the entity and perpetuation of corporate existence; and, with this construction, the words which precede them might well be held as limited strictly to a sale or transfer,—that is, to an acquisition by one corporation of the property and the franchises to construct and operate a railroad of the other,—leaving the corporate existence to stand, though, of course, as a mere name and useless personality. In many of the cases which the supreme court has been required to consider, the condition has been substantially that in which the case at bar would have been left on this hypothetical construction and action by the corporations in accordance therewith; that is to say, a foreign corporation, with a right to construct and operate a railroad within the state to which it is foreign. Some expressions in the act would give color to this construction; among the rest, like provisions to those which we have already given as existing in the act of February 23, 1844, which carry an implication that the legislature of Massachusetts was dealing with a foreign corporation. But these expressions, as the history of the legislation shows, were undoubtedly inserted in the last act for the same reasons for which they were inserted in the earlier ones, and they must be regarded as indicating only greater caution. They certainly cannot control the positive declaration of the legislature that, on the completion of the agreement between

the corporations and the filing of the certificate to which we have referred, the two should become "one corporation." It seems to us that this provision necessarily compels us to hold that, even as against the doubtful expressions to which we have referred, with, perhaps, some others which can be found, the intention of the legislature, which we must gather from the whole act, was the creation of a so-called "consolidated corporation" by so-called "merger," on the same rules applied in Nashua & L. R. Corp. v. Boston & L. R. Corp., ubi supra, and that the act did not provide for a mere transfer of property and franchises of constructing and operating railroads.

Section 2 of the act of April 5, 1872, in enumerating the details of the agreement to which we have referred, enacts that it shall prescribe the manner of converting the capital stock of the original corporations into the capital stock of the consolidated corporation. It is true it may be said that this is only an alternative provision, in the event the corporations should actually consolidate, instead of proceeding to "sell" and "transfer"; but, inasmuch as they did in fact convert their capital stocks into that of the new corporation, they thus elected to consolidate, and thus definitely determined the status, and put it beyond all question.

The attorney general of Massachusetts, in an interesting and thorough opinion which involved the issue here, found in Public Documents 1895, No. 12, at page 43, reached the conclusion that the New York, New Haven & Hartford Railroad Company must be held to be a corporation created by Massachusetts, within the meaning of the statute which was there under consideration by him. His opinion contains a much more detailed and elaborate examination of the legislation out of which the defendant corporation arose, and of the principles involved, than we find now necessary, in view of the late decisions of the supreme court to which we have referred.

Under the circumstances, we feel that we are compelled to find that the Hartford & Springfield Railroad Corporation was created a corporation from natural persons by Massachusetts; that the Hartford & New Haven Railroad Company became, within that state, its successor, and impressed, for all federal jurisdictional purposes, with its characteristics; and that, in turn, the New York, New Haven & Hartford Railroad Company became, in like manner, the true successor in law of the Hartford & New Haven Railroad Company, and so of the Springfield & Hartford Railroad Corporation; so that, within Massachusetts, the New York, New Haven & Hartford Railroad Company is, by lawful succession, a corporation created by the legislature of Massachusetts from natural persons, and must be held, for all purposes of federal jurisdiction, a citizen of that state. The motion to dismiss is denied.