GOODWIN v BOSTON & M. R. R.

(Circuit Court, D. New Hampshire. January 30, 1904.)

No. 496.

1. JURISDICTION OF FEDERAL COURTS—DIVERSITY OF CITIZENSHIP—CORPORATION CHARTERED BY DIFFERENT STATES.

The Boston & Maine Railroad, a corporation originally chartered in New Hampshire, but subsequently, by consolidation, also made a corporation of both Massachusetts and Maine, is a citizen of New Hampshire, in such sense that the Circuit Court of the United States in that state is without jurisdiction of an action against it by another citizen of New Hampshire on the ground of diversity of citizenship.

On Motion to Dismiss for Want of Jurisdiction.

Doyle & Lucier and Geo. B. French, for plaintiff.
J. S. H. Frink and C. J. Hamblett, for defendant.

ALDRICH, District Judge. In this case the plaintiff, a citizen of New Hampshire, invokes the jurisdiction of this court upon the ground of diverse citizenship; alleging that the Boston & Maine Railroad, the defendant, is a citizen of Massachusetts. The defendant moves to dismiss upon the ground that the Boston & Maine Railroad is a citizen of New Hampshire, the state of the plaintiff, and therefore that the necessary diverse citizenship does not exist.

The existence of the Boston & Maine Railroad rests upon certain charters and acts of consolidation in several states, including Massachusetts and New Hampshire. Its status resides in the published laws of the states where it exists, and, its status thus appearing in published laws of which we take judicial notice, the jurisdictional question presented may be determined upon a motion to dismiss.

The Boston & Maine Railroad was first chartered in New Hampshire in 1835. It was held by the Supreme Court of New Hampshire, in Horne v. Boston & Maine R. R., 62 N. H. 454, that the defendant, having its original charter from the state in which the suit was brought, was created there, and, though owning and operating a continuous line from Massachusetts, through New Hampshire, to a point in Maine, was a citizen of New Hampshire. In the same case in the Circuit Court of the United States, before Judge John Lowell, this view was sustained for purposes of jurisdiction. Horne v. B. & M. R. R., 18 Fed. 50.

¶ 1. Citizenship of corporations for purpose of federal jurisdiction, see notes to St. Louis, I. M. & S. Ry. Co. v. Newcom, 6 C. C. A. 174; Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.

See Courts, vol. 13, Cent. Dig. § 860.

It has not been supposed that the acts of consolidation in the various states have so far merged the various corporations originally created, into one single corporation, as to make the Boston & Maine Railroad so distinctively a corporation of any one state as to enable it to set up its citizenship therein, as foreign to the other states of its creation, for the purpose of overthrowing jurisdiction of the state courts in suits therein by citizens of the other states where it was incorporated. It is not probable that the federal courts will be disposed to enter upon such dangerous grounds—upon lines so fatal to the jurisdiction heretofore exercised by the courts of the states— and into fields of such inconvenience to suitors, until the legal single entity of the corporation is clearly established as existing in a particular state. If the foreign status of the defendant so far exists in this case as to justify holding jurisdiction upon the ground that the defendant is a citizen of Massachusetts, and thus of a state other than the New Hampshire plaintiff, it is difficult to see why it should not be opened to the Boston & Maine Railroad, as a corporation foreign to New Hampshire, to bring all its suits against New Hampshire parties in the federal courts, and remove thereto all suits brought against it in the state of New Hampshire by citizens of New Hampshire; thus excluding from the state courts all jurisdiction in respect to suits of a civil nature by and against New Hampshire citizens which involve questions as to the rights and liabilities of the corporation. There is no single legal entity peculiar to the existence of the Boston & Maine system in Massachusetts which would justify such a result in the eye of the profession, or among the suitors of New Hampshire.

The precise question here is whether the parties are citizens of different states. Upon this question considerable reliance is placed by the plaintiff upon the decision by the Supreme Court of the United States in Nashua & Lowell R. R. v. Boston & Lowell R. R., 136 U. S. 356, 10 Sup. Ct. 1004, 34 L. Ed. 363. It is not altogether clear that the reasoning of that case is against the position of the defendant here upon the precise situation now under consideration. Its reasoning apparently sustains the position of the defendant in the case at bar, for it is said at page 381, 136 U. S., page 1010, 10 Sup. Ct., 34 L. Ed. 363:

"It would seem clear, from the decisions we have cited, as well as on general principles, that the plaintiff in this case must be considered simply in its character as a corporation created by the laws of New Hampshire, and as such a citizen of that state, and so entitled to go into the Circuit Court of the United States and bring its bill against a citizen of any other state, and that its union or consolidation with another corporation of the same name organized under the laws of Massachusetts did not extinguish or modify its character as a citizen of New Hampshire, or give it any such additional citizenship in Massachusetts as to defeat its right to go into the Circuit Court of the United States in that district."

The case of Goodwin v. New York, N. H. & H. R. R. (C. C.) 124 Fed. 358, recently before the present Judge Lowell, involved a situation quite like the one now under consideration; and Judge Lowell sufficiently discriminates between the facts existing in the case of Nashua & Lowell R. R. v. Boston & Lowell R. R., just re-

ferred to, and the case which he was considering, which was like the one at bar, to show that its reasoning should not necessarily become a binding authority against the defendant here.

In Boston & Maine Railroad v. Hurd, 108 Fed. 117, 47 C. C. A. 615, 56 L. R. A. 193, in the Circuit Court of Appeals for this circuit, which was an action by a resident of Massachusetts for an injury sustained in Massachusetts, brought against the Boston & Maine Railroad in the United States Circuit Court for the District of New Hampshire, wherein it was alleged that the Boston & Maine Railroad was a citizen of New Hampshire, jurisdiction was sustained upon the ground of diverse citizenship. It would seem to be extremely illogical and strangely fictional to maintain federal jurisdiction in the district of New Hampshire in favor of a citizen of Massachusetts against the Boston & Maine Railroad upon the ground that it is a citizen of New Hampshire and the plaintiff a citizen of Massachusetts, and to maintain in the same court jurisdiction in a case in favor of a citizen of New Hampshire against the same defendant upon the ground that it is a citizen of Massachusetts.

It must always be borne in mind, in considering the question of the jurisdiction of federal courts, based upon diverse citizenship, that the primary and leading idea, as shown by the debates in the convention, in Congress, and by subsequent history, in establishing federal courts with jurisdiction to settle disputes between citizens of different states, was to protect the foreign suitor from the influence of local prejudice, which it was apprehended might at times exist in the state courts in favor of the citizen of the state and against him in such state in which his rights were involved, rather than to safeguard a local plaintiff against local prejudice, or to enlarge his right of recovery. It must also be borne in mind that the federal courts are courts of special and limited jurisdiction, having only such jurisdiction over suits of a civil nature as is conferred by acts of Congress under the Constitution, and not inconsistent therewith, in respect to the distribution of judicial power between the federal and state governments.

In the case we are considering, if jurisdiction exists, it is not because the plaintiff was injured in Massachusetts, or because the federal court might administer the Massachusetts law differently than would be done in the New Hampshire courts; but because the parties in this case are citizens of different states. The question of diverse citizenship, under statutory provisions and principles of law, is largely a question of fact; and, wherever and whenever jurisdiction is made to depend upon a question of fact, the fact must be clearly and unmistakably established, for it has never been the judicial policy of courts of special and limited jurisdiction to assume power to settle and establish disputed rights under doubtful jurisdictional situations. It is considered the safer course, where the fact or the condition upon which jurisdiction, under the law, is made to depend, is not clearly established, to leave the parties with their rights to be regulated in the state courts of general jurisdiction. It is quite probable that, under situations different from the one here— like a suit brought by a citizen of New Hampshire, or some other

state other than Massachusetts, against the Boston & Maine Railroad in the district of Massachusetts—the Boston & Maine Railroad there might, perhaps, for jurisdictional purposes, be treated as a citizen of Massachusetts. If this is so, it results from what Judge Lowell, in Horne v. Boston & Maine R. (C. C.) 18 Fed. 50, terms a useful fiction, considered for purposes of jurisdiction, where a railroad, running through several states, is made a citizen of each of the states through which it runs, and, when sued in one of the states, cannot set up that it is a citizen of another, and from the rule laid down in Railroad Co. v. Whitton, 13 Wall. 270, 20 L. Ed. 571, that a citizen of Illinois, as plaintiff, might maintain his action in the Circuit Court for the District of Wisconsin, although the defendant was also incorporated in Illinois.

It should be noticed, in view of the arguments in the case at bar, that the older and general doctrine of a convenient rule of fiction, which, for certain jurisdictional purposes, treats a railroad system operating continuous lines through several states, under charters independenly granted under the same name in the different states, as a citizen of the several states in which it operates, has apparently been questioned or qualified, in a sense, by more recent cases, like Railroad v. Koontz, 104 U. S. 5, 26 L. Ed. 643, St. Louis & San Francisco R. R. v. James, 161 U. S. 545, 16 Sup. Ct. 621, 40 L. Ed. 802, and Southern Railway Company v. Allison, 190 U. S. 326, 23 Sup. Ct. 713, 47 L. Ed. 1078. It is not necessary, however, to inquire in this case just how far such qualification results from the modern practice of taking a creative charter in one state, and ancillary or permissive charters in others, for the reason that the unmistakable trend of the authorities involving such situations is in the direction of treating citizenship for certain purposes as existing in the state of corporate creation, or, in other words, in the state where the corporation was first chartered; and thus such authorities, if they bear at all upon the jurisdictional question here, sustain the view of the defendant, because the Boston & Maine Railroad was first incorporated in New Hampshire. Under the decision of the Supreme Court of New Hampshire in Horne v. Boston & Maine R. R., and the express approval thereof by the Circuit Court for this district in the same case, to which reference has been made, and in view of the long-time acquiescence in the result there expressed, and in view of the decision of the Circuit Court of Appeals for this circuit in Boston & Maine R. R. v. Hurd, 108 Fed. 117, 47 C. C. A. 615, 56 L. R. A. 193, the question of the New Hampshire citizenship of this defendant for jurisdictional purposes in a case like this cannot be looked upon as an open question in New Hampshire.

The conclusion is that, for the purposes of the precise jurisdictional question presented in this case, the Boston & Maine Railroad is a citizen of New Hampshire, and therefore that the Circuit Court has no jurisdiction upon the ground of diverse citizenship. The case is dismissed.