**MULLER v. BOSTON & M. R. R.**
**BRESLIN v. SAME.**
**TASHJIAN v. SAME.**
Nos. 864, 863, 862.

District Court, D. New Hampshire.
Feb. 12, 1935.

Withington, Cross, Proctor & Park, of Boston, Mass., for plaintiffs.

Demond, Woodworth, Sulloway, Piper & Jones, of Concord, N. H., for defendant.

MORRIS, District Judge.

These are three actions in tort brought by citizens and residents of the commonwealth of Massachusetts seeking damages for accidents occurring therein. The suits are against the Boston & Maine Railroad which is described in the writs and declarations to be a corporation organized under the laws of New Hampshire and having a usual place of business therein.

The defendant has pleaded to the jurisdiction alleging as a reason that the Boston & Maine Railroad is a corporation organized under the laws of the commonwealth of Massachusetts and the tort sued for occurred in the commonwealth of Massachusetts. It is therefore argued that there is no diversity of citizenship and that this court has no jurisdiction.

At the hearing on the motions it did not seem necessary to take any extrinsic evidence as the court takes judicial notice of the fact that the Boston & Maine Railroad is incorporated under the laws of the state of New Hampshire and also in the commonwealth of Massachusetts. New Hampshire Laws 1835, c. 14, p. 223. N. H. Laws 1841, c. 6, p. 583; N. H. Laws 1845, c. 290, p. 275; Massachusetts St. 1841, c. 56. "An Act to unite the Boston & Portland Railroad Corporation and the Boston & Maine Railroad Company." Massachusetts Laws 1843, c. 90. "An Act to unite the Boston & Maine Railroad Corporation and the Maine, New Hampshire and Massachusetts Railroad Corporation."

In the case of Peterborough R. R. v. Boston & M. R. R. (C. C. A.) 239 F. 97, 99, it is said: "While the Boston & Maine Railroad is alleged to be a citizen of Massachusetts, this court takes judicial notice of the fact that it is also a public corporation organized and existing under the laws of the state of New Hampshire, doing business in said state, and is therefore a citizen thereof."

I must confess that before examining the question I was skeptical of the right of these plaintiffs to abandon the state of their residence and the state of the origin of the cause of action to come into the state of New Hampshire for the purpose of bringing suits in the federal court against the Boston & Maine Railroad on the ground of diversity of citizenship.

I cannot see how it would be any injustice to the plaintiffs to be compelled to maintain their suits in the state of their residence, but the actions have been brought in New Hampshire, and, so far as the present issue before the court, it is my duty to determine the question upon legal principles as I understand them.

The plaintiffs rely upon the case of Boston & Maine Railroad v. Hurd (C. C. A.) 108 F. 116, 56 L. R. A. 193, opinion by Putnam, Circuit Judge, certiorari denied 184 U. S. 700, 22 S. Ct. 939, 46 L. Ed. 765. This was an action brought in the Circuit Court for the District of New Hampshire by the administrator of Alice M. Hurd who was a passenger on the Boston & Maine Railroad and was killed in Massachusetts by one of its locomotives while crossing its track making connection from one train to another. At the time of her death she was a resident of Massachusetts. The court in New Hampshire took jurisdiction; there was a trial by jury; verdict and judgment for the plaintiff and an appeal taken to the Circuit Court of Appeals. It was there held, Colt, Putnam, and Brown sitting, that the Circuit Court for the District of New Hampshire had jurisdiction, but the case was reversed upon other grounds.

Counsel for the defendant in his brief has argued the point as a general proposition of law on the theory that the court should disregard the ruling in the Hurd Case and refuse to sustain jurisdiction. He has cited numerous cases all of which I have carefully examined and have also made my own independent investigation.

My attention has been called to the case of Horne v. Boston & Maine Railroad (C. C.) 18 F. 50, 51, which was a case in which the plaintiff, a citizen of New Hampshire, brought his action in a state court in New Hampshire against the defendant as a corporation duly established and having a place of business at Exeter, N. H., for personal injuries sustained through the fault of the defendant at Lawrence in the commonwealth of Massachusetts. The defendant filed its petition to remove the action to the federal court on the ground that it was a citizen of Massachusetts. A justice in the state court refused to order the removal and his ruling was sustained by the full bench of the Supreme Court of New Hampshire. Horne v. Boston & Maine Railroad, 62 N. H. 454. In an opinion by Lowell, Judge, he says: "If, however, there are charters in several states, the corporation, when sued in one of them as a citizen of that state, cannot set up that it likewise

is a citizen of another." Jurisdiction was denied.

In the case of Goodwin v. N. Y., N. H. & Hartford Railway Company (C. C.) 124 F. 358, which was an action brought by a citizen of Massachusetts against the railroad, it was held that a corporation owning and maintaining a system of railroads in Massachusetts and Connecticut, and so incorporated in both states that the Circuit Court of Massachusetts has jurisdiction of a suit there brought against it by a citizen of Connecticut, and conversely the Circuit Court of Connecticut has jurisdiction of a suit there brought against it by a citizen of Massachusetts, cannot be sued in the Circuit Court in Massachusetts by a citizen of Massachusetts, who alleges that the defendant is a citizen of Connecticut.

The case of Goodwin v. Boston & Maine R. R. (C. C.) 127 F. 986, 989, involved the same question. The plaintiff, a citizen of New Hampshire, invoked the jurisdiction of the federal court upon the ground of diverse citizenship alleging that the Boston & Maine Railroad, the defendant, was a citizen of Massachusetts. The defendant moved to dismiss upon the ground that the Boston & Maine Railroad was a citizen of New Hampshire. Judge Aldrich apparently recognized as authority the Hurd Case because he says: "Under the decision of the Supreme Court of New Hampshire in Horne v. Boston & Maine R. R., and the express approval thereof by the Circuit Court for this district in the same case, to which reference has been made, and in view of the long-time acquiescence in the result there expressed, and in view of the decision of the Circuit Court of Appeals for this circuit in Boston & Maine R. R. v. Hurd, * * * the question of the New Hampshire citizenship of this defendant for jurisdictional purposes in a case like this cannot be looked upon as an open question in New Hampshire. The conclusion is that, for the purposes of the precise jurisdictional question presented in this case, the Boston & Maine Railroad is a citizen of New Hampshire, and therefore that the Circuit Court has no jurisdiction upon the ground of diverse citizenship."

Another case cited by counsel for the defendant is Memphis & Charleston R. R. Co. v. Alabama, 107 U. S. 581, 2 S. Ct. 432, 436, 27 L. Ed. 518. The railroad was a corporation created by the statutes of Alabama and was also incorporated in the state of Tennessee. The action was brought by the state of Alabama to recover taxes assessed against the railroad. Upon motion of the railroad, the case was removed to the Circuit Court, but was remanded by the Circuit Judge upon the ground that the defendant railroad was a citizen of Alabama. Mr. Justice Gray, speaking for the Supreme Court, says: "The defendant, being a corporation of the state of Alabama, has no existence in this state as a legal entity or person, except under and by force of its incorporation by this state; and, although also incorporated in the state of Tennessee, must, as to all its doings within the state of Alabama, be considered a citizen of Alabama, which cannot sue or be sued by another citizen of Alabama in the courts of the United States. Ohio & Miss. R. R. Co. v. Wheeler, 1 Black. 286 [17 L. Ed. 130]; Railway Company v. Whitton, 13 Wall. 270, 283 [20 L. Ed. 571]."

In the case of Patch v. Wabash R. Co., 207 U. S. 277, 28 S. Ct. 80, 82, 52 L. Ed. 204, 12 Ann. Cas. 518, an action was brought by the plaintiff to recover for the death of his intestate in a collision upon the defendant's railroad in Illinois. The suit was brought in that state. The railroad was incorporated in both Illinois and Ohio. It filed removal papers upon the allegation that it was a citizen of Ohio. Removal was ordered and completed. Mr. Justice Holmes, speaking for the Supreme Court, says: "The defendant exists in Illinois by virtue of the laws of Illinois. It is alleged to have incurred a liability under the laws of the same state, and is sued in that state. It cannot escape the jurisdiction by the fact that it is incorporated elsewhere." Other cases to the same point are Missouri Pacific R. R. Co. v. Meeh (C. C. A.) 69 F. 753, 30 L. R. A. 253; Winn v. Wabash R. R. Co. (C. C.) 118 F. 55.

In the case of Nashua & L. R. Corporation v. Boston & L. R. Corporation, 136 U. S. 356, 10 S. Ct. 1004, 1010, 34 L. Ed. 363, Mr. Justice Field quotes with approval from the case of Ohio & Miss. R. R. v. Wheeler, supra: "A corporation 'can have no existence beyond the limits of the state or sovereignty which brings it into life, and endows it with its faculties and powers.'" And again quoting from the case of Quincy R. R. Bridge Co. v. Adams County, 88 Ill. 615, 619: "The states of Illinois and Missouri have no power to unite in passing any legislative act. It is impossible, in the very nature of their organizations, that they can do so. They cannot so fuse themselves

into a single sovereignty, and as such create a body politic which shall be a corporation of the two states without being a corporation of each state or of either state."

The leading case seems to be Railway Company v. Whitton, 13 Wall. 270, 20 L. Ed. 571, wherein it is held that where a corporation is created by the laws of the state, it is, in suits brought in a federal court in that state, to be considered as a citizen of such state whatever its status or citizenship may be elsewhere by the legislation of other states.

I find nothing in any of the above-mentioned cases or in the case of Peterborough R. R. v. Boston & Maine R. R. (C. C. A.) 239 F. 97, decided in this Circuit in 1917, that overrules or weakens the authority of Boston & Maine R. R. v. Hurd, supra, upon which the plaintiff relies.

One other question which, although not directly raised upon the pleadings as they now stand, has occurred to me. That is, If we treat the Boston & Maine Railroad in this action as distinctively a New Hampshire corporation for the purposes of jurisdiction, why should it not be so treated when the question of its liability for an accident occurring in Massachusetts is raised? Liability is predicated upon the negligence of the Massachusetts corporation. Should the plaintiff be permitted to recover against the New Hampshire corporation? This question appears to have been considered by Judge Putnam in the case of Smith v. New York, N. H. & H. R. R. Co. (C. C.) 96 F. 504, holding that railroad corporations created by concurrent legislation of two or more states, having a joint interest in the operation of the entire line of road extending through or into such several states, are jointly liable for a tort committed in its operation in either state.

In the Hurd Case the plaintiff was allowed to recover against the New Hampshire corporation for a tort committed in Massachusetts presumably by the Massachusetts corporation. As both these cases occurred within this Circuit, I refrain from any further discussion of the point.

Even if I were not bound by the case of Boston & Maine Railroad v. Hurd, supra, decided by the Circuit Court of Appeals in this Circuit, I would have to reach the same conclusion upon the authorities cited and hold the defendants' pleas in abatement bad and sustain the jurisdiction of this court. The order is, pleas in abatement dismissed.