MEMPHIS AND CHARLESTON RAILROAD COMPANY v. ALABAMA.

The Memphis and Charleston Railroad Company is made by the statutes of Alabama an Alabama corporation; and, although previously incorporated in Tennessee also, cannot remove into the Circuit Court of the United States a suit brought against it in Alabama by a citizen of Alabama.

ERROR to the Circuit Court of the United States for the Northern District of Alabama.

The case is stated in the opinion of the court.

*Mr. William Y. C. Humes* and *Mr. Milton Humes* for the plaintiff in error.

*Mr. Enoch Totten, contra.*

MR. JUSTICE GRAY delivered the opinion of the court.

This action was brought by the State of Alabama, for the use of Jackson County, in a court of that State, against a railroad corporation whose road passed through that State and county, to recover the amount of a county tax assessed upon its property. It was removed into the Circuit Court of the United States for the Northern District of Alabama, upon the petition of the corporation, alleging that it was a citizen of the State of Tennessee and the plaintiff was a citizen of Alabama. Upon the motion of the plaintiff, and the introduction in evidence of the acts of the legislatures of Tennessee, Alabama and Mississippi, relating to the defendant corporation, and of its organization under those acts, the Circuit Court, following its own decision in *Copeland* v. *Memphis & Charleston Railroad Co.*, 3 Woods, 651, remanded the case to the State court, upon the ground that the defendant was a corporation chartered by the State of Alabama; the defendant thereupon excepted and sued out this writ of error.

The question decided by the Circuit Court, and argued by the plaintiff in error, depends upon the provisions of the statutes of Alabama.

The first act of the legislature of Alabama upon the subject, passed on the 7th of January, 1850, is entitled "An Act to incorporate the Memphis and Charleston Railroad Com-

pany," and has this preamble: "Whereas an act was passed by the State of Tennessee, bearing date the 2d day of February, 1846, and the same was amended by an act of the same State, dated Feb. 4th, 1848, for the formation of a company, under the name and style of the Memphis and Charleston Railroad Company, for the purpose of establishing a communication by railroad between Memphis, Tennessee, and Charleston, South Carolina; and whereas it is believed that the most eligible route for said road is through a portion of this State; and whereas it is also believed that great and lasting benefits will accrue to the inhabitants of this State from said improvement: Therefore"

It then proceeds, in the first section, to provide that "the said company shall have the right of way through the territory of this State to construct their road" between certain points named, "and said company shall have and enjoy all the rights, powers and privileges granted to them by the act of incorporation above mentioned, and shall be subject to all the liabilities and restrictions imposed by the same, together with the following requirements."

The second section provides that "in the event said road shall be located through Tuscumbia, it shall be the duty of the company to construct a branch to Florence; and in the event said road shall pass on the north side of the Tennessee River near Florence, it shall be the duty of said company to construct a branch to Tuscumbia: provided, that the subscription in the town or county applying for such branch shall be fully sufficient to pay the cost of the same."

The third section provides that "the said company shall be authorized and required to open books for the subscription of stock in the capital of said corporation in the State of Alabama, so as to afford the citizens thereof an opportunity to take stock to the amount of fifteen hundred thousand dollars of the capital of said company: provided, that if said fifteen hundred thousand dollars be not subscribed in Alabama within ninety days after the books are opened, then it may be taken elsewhere."

The fourth section provides that "the said company shall, at the first meeting of the stockholders, designate a time when,

and a place or places in North Alabama where, for the convenience of the citizens of the State who may be stockholders, the subsequent election for directors shall be held, and shall give notice thereof in one or more newspapers published in North Alabama; and said elections shall be held at the same time both in this State and in Tennessee."

The fifth section provides that " the moneys subscribed by the citizens of Alabama, whether by the State, counties, corporations or individuals, shall first be applied to the construction of the road within the limits of the State of Alabama, and said moneys shall be placed in some safe depository in North Alabama until required for use : provided, that nothing in this section shall be so construed as to prevent the company from putting under contract the whole road whenever in their estimation a sufficient amount of funds shall have been obtained."

The sixth section provides that " said company shall not charge for the transportation of persons or property any higher rates on one part than on another of said road; but the tolls shall be equal and uniform on every part of said road for articles of the same description, whether passing in one direction or the other."

So far, it is not made quite clear whether the words " said company," as used in the body of the act, refer to the company which the act in its title purports to incorporate, or to the company, mentioned in the preamble, for the formation of which acts had been passed by the State of Tennessee.

But that these words do not refer to the Tennessee corporation, and are meant to designate an Alabama corporation, is made plain by the repeated use of the words " the company hereby incorporated " in the seventh section, which is as follows : " The company hereby incorporated shall not locate their road on the track of the Tennessee Valley Railroad, nor of any other railroad which has heretofore been chartered by this State, provided companies have been organized under the same, without first procuring the assent by agreement with said companies ; but it shall be lawful for the company hereby incorporated to acquire by purchase, gift, release or otherwise, from any other company, all the rights, privileges and immunities of said company, and possess and enjoy the same as

fully as they were or could be possessed or enjoyed by the company making the transfer."

The two other sections of the act also seem to regard the corporation as created as well as controlled by the State of Alabama; for the eighth section provides that "any railroad company now chartered or hereafter to be chartered in this State shall have the right to connect their road with the road authorized by this act;" and the ninth section provides that "nothing contained in this act shall prevent the State of Alabama from levying and collecting such taxes on the property of said company within this State as shall by the General Assembly of the State be assessed on the property of other railroads in this State; nor shall anything therein be construed so as to prevent the chartering and building other railroads in the State coming within any distance whatever of said road, anything in the said law of Tennessee to the contrary notwithstanding." Statutes of Alabama of 1849–50, c. 128.

The whole act, taken together, manifests the understanding and intention of the legislature of Alabama that the corporation, which was thereby granted a right of way to construct through this State a railroad, with which any railroad company chartered or to be chartered in this State should have the right to connect its road; and which was required to construct a branch railroad in this State, to open books for subscriptions of stock to a certain amount in this State, to apply the moneys here subscribed to the construction of the road within this State, and to hold elections in this State; was and should be in law a corporation of the State of Alabama, although having one and the same organization with the corporation of the same name previously established by the legislature of Tennessee.

The subsequent acts of the State of Alabama point in the same direction, and each speaks of the company as incorporated or chartered by the legislature of Alabama.

The act of the 12th of February, 1850, is entitled "An Act to amend an act entitled 'An Act to incorporate the Memphis and Charleston Railroad Company,' approved Jan. 7th, 1850," and provides that if "the subscribers to the capital stock of the Memphis and Charleston Railroad in the State of Alabama,

from a failure to obtain the necessary legislation from the States of Tennessee and Mississippi, or from any other cause, deem it expedient to form a separate and independent organization, then and in that event they are hereby vested with full power and authority to do the same; and said company so organized shall be known by the name and style of the Mississippi and Atlantic Railroad Company, and shall have and enjoy all the rights, privileges and powers heretofore granted or intended to be granted, and be subject to all the limitations, restrictions and liabilities heretofore imposed or intended to be imposed, in the several acts incorporating the Memphis and Charleston Railroad Company." Statutes of Alabama of 1849–50, c. 129.

The act of the 7th of February, 1856, which, as mentioned in its title and provided in its first section, grants to "the Memphis and Charleston Railroad Company" a right of way for an extension of its road through the territory of this State, expressly provides in the second section that "said right of way is granted upon the same terms, restrictions, liabilities and conditions, that the right of way is granted to said company under the charter granted to said company by the General Assembly of this State, and approved 7th January, 1850." Statutes of Alabama of 1855–56, c. 302.

The defendant, being a corporation of the State of Alabama, has no existence in this State as a legal entity or person, except under and by force of its incorporation by this State; and, although also incorporated in the State of Tennessee, must, as to all its doings within the State of Alabama, be considered a citizen of Alabama, which cannot sue or be sued by another citizen of Alabama in the courts of the United States. *Ohio & Mississippi Railroad Co.* v. *Wheeler*, 1 Black, 286; *Railway Company* v. *Whitton*, 13 Wall. 270, 283.

This view being conclusive against the claim of the plaintiff in error, it is unnecessary to consider whether the action, brought by the State of Alabama for the use of one of its counties, can be considered as a suit brought by a citizen of the State of Alabama, within the meaning of the Constitution and laws of the United States.

*Order remanding the cause affirmed.*