## PATCH *v.* WABASH RAILROAD COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF ILLINOIS.

No. 57.   Argued November 15, 1907.—Decided December 2, 1907.

The certificate of a judge of the Circuit Court that the judgment is based solely on jurisdictional grounds is an act of record and *quære* whether it stands on any different ground from judgments and the like when the term has passed, and whether it can then be amended so as to show that it was signed inadvertently and by mistake and to certify that the question of jurisdiction was not passed on and that the decision was based on another ground. Such a mistake is not clerical.

The provision in a state statute that no non-resident shall be appointed or act as administrator or executor does not open the appointment of a non-resident to collateral attack in an action brought by him so as to deprive him of his right to file a plea that the case cannot be removed to the Federal court.

A corporation incorporated simultaneously and freely in several States exists in each State by virtue of the laws of that State and when it incurs a liability under the laws of one of the States in which it is incorporated and is sued therein it cannot escape the jurisdiction thereof and remove to the Federal court on the ground that as it is also incorporated in the other States it is not a citizen of that State. *Southern Railway* v. *Allison*, 190 U. S. 326 and other cases, holding that where the corporation originally incorporated in one State was compelled to become a corporation of another State so as to exercise its powers therein, distinguished.

THE facts are stated in the opinion.

*Mr. George C. Otto* for plaintiff in error:

The jurisdiction of the court was in issue. *Rhode Island* v. *Massachusetts*, 12 Pet. 657, at 718–720; *Capron* v. *Van Noorden*, 2 Cr. 126; *Brown* v. *Keene*, 8 Pet. 112; *M. C. & L. M. Ry. Co.* v.

*Swan,* 111 U. S. 379, at 382; *Morris* v. *Gilmer,* 129 U. S. 315; *Wetmore* v. *Rymer,* 169 U. S. 115; *People* v. *Seelye,* 146 Illlinois, 189; *Bassick Mining Co.* v. *Schoolfield,* 10 Colorado, 46; *United States* v. *Arrendondo,* 6 Pet. 691, 709; *Grignon's Lessee* v. *Astor,* 2 How. 319, 338; *Dred Scott* v. *Sandford,* .19 How. 393, 427; *Interior Construction Co.* v. *Gibney,* 160 U. S. 217.

The defendant was a citizen and resident (1) of Illinois (the State in which the suit was brought) and, also (2) of each of the States of Missouri, Indiana, Michigan and Ohio. *Ashley* v. *Ryan,* 49 Ohio St. 504 (1892); *Ashley* v. *Ryan,* 153 U. S. 436 (1893); *Westheider* v. *Wabash R. R. Co.,* 115 Fed. Rep. 840 (1892); *Winn et al.* v. *Wabash R. R. Co.,* 118 Fed. Rep. 55; *Sheppard et al.* v. *Graves,* 14 How. 505, at 510; Chitty on Pleading, Ch. VI, Tit. I; Stephen on Pleading (Tyler's ed.), 84; Bacon Ab., Abatement; *C. & N. W. Ry. Co.* v. *Ohle,* 117 U. S. 123; *Jones et al.* v. *League,* 18 How. 76, 81; 18 U. S. Stat. at L. 472; *St. Louis & S. F. Ry. Co.* v. *James,* 161 U. S. 545; *Louisville R. R. Co.* v. *Letson,* 2 How. 497, 558; *Bank of Augusta* v. *Earle,* 13 Pet. 512; *Marshall* v. *B. & O. R. R. Co.,* 16 How. 314, 328; *Railroad Co.* v. *Harris,* 12 Wall. 65, 68; *Covington Draw Bridge Co.* v. *Shepherd et al.,* 20 How. 227; *Southern Ry. Co.* v. *Allison,* 190 U. S. 326; *Ohio & M. R. Co.* v. *Wheeler,* 1 Black, 286, at 295, 296; *Phila. & Wilm. R. R. Co.* v. *Maryland,* 10 How. 376, 392; *Lafayette Ins. Co.* v. *French,* 18 How. 404; *Paul* v. *Virginia,* 8 Wall. 168, 181; *Shields* v. *Ohio,* 95 U. S. 319; *Atlantic & G. R. Co.* v. *Georgia,* 98 U. S. 359; *Railway Co.* v. *Berry,* 113 U. S. 465; *Railway Co.* v. *Miller,* 114 U. S. 176; *Keokuk & W. R. Co.* v. *Missouri,* 152 U. S. 301; *State* v. *Keokuk & W. Ry. Co.,* 99 Missouri, 30; *Evans* v. *Railway Co.,* 106 Missouri, 601; *State* v. *Leuseur,* 145 Missouri, 322; *McMahon* v. *Morrison,* 16 Indiana, 172; *Walters* v. *Railroad Co.,* 104 Fed. Rep. 377; *Pac. Ry. Co.* v. *Mo. Pac. Ry. Co.,* 23 Fed. Rep. 565; *Uphoff* v. *Chi. &c. R. Co.,* 5 Fed. Rep. 545; *Fitzgerald* v. *Mo. Pac. Ry. Co.,* 45 Fed. Rep. 812; *Johnson* v. *W. & B. R. Co.,* 9 Fed. Rep. 6; *Anderson* v. *Watt,* 138 U. S. 694, 701; *Louisville &c. R. Co.* v. *Louisville Trust Co.,* 174 U. S. 552; *Farnham* v. *Canal*

*Co.*, 1 Sumner, 47; *Mower* v. *Kemp*, 42 La. Ann. 1007; *R. &
M. R. Co.* v. *Farmers' L. & T. Co.*, 49 Illinois, 331; *C. & N. W.
Ry. Co.* v. *Auditor Gen.*, 53 Michigan, 79, 91; *Market St. R. Co.*
v. *Hellman*, 109 California, 571; *B. & O. R. Co.* v. *P. W. &
Ky. R. Co.*, 17 W. Va. 812; *Henen, Admr.* v. *B. & O. R. Co.*, 17
W. Va. 882; *Whitton, Admr.* v. *C. & N. W. Ry. Co.*, 13 Wall.
270; *Muller* v. *Dows*, 94 U. S. 444.

*Mr. Frederic D. McKenney*, with whom *Mr. Wells H. Blod-
gett* was on the brief, for defendant in error:

For the purposes of jurisdiction of the courts of the United
States, domicile is the test of citizenship; and in a ju-
risdictional sense the words "citizen" and "domicile" are
synonymous. *Poppenhauser* v. *Comb Co.*, 14 Fed. Rep. 707;
*McDonald* v. *Flour Mill Co.*, 31 Fed. Rep. 577; *Collins* v. *City of
Ashland*, 112 Fed. Rep. 175; *Morris* v. *Gilmer*, 129 U. S. 315;
*Anderson* v. *Watts*, 138 U. S. 694; *Sun Printing and Publishing
Company* v. *Edwards*, 194 U. S. 377.

The word "resident" as used in the last proviso to § 18,
chap. 3, of the Administration Statutes of Illinois as amended
by the act of 1905 (Laws of Illinois, 1905, p. 2) is synonymous
with domicile. *In re Mulford*, 217 Illinois, 242; *McDaniel* v.
*King*, 5 Cush. 469; *Strongton* v. *Cambridge*, 165 Massachusetts,
251; *Oliviere* v. *Atkinson*, 168 Massachusetts, 28; *Harmon* v.
*Grizard*, 89 N. Car. 115; *Ryall* v. *Kennedy*, 67 N. Y. 379.

The allegation of plaintiff in error in his plea in abatement to
the defendant's removal petition, that "before and at the time
of the commencement of this action this plaintiff was and still
is a citizen of Ohio," is equivalent, in legal effect to an allega-
tion that the domicile of plaintiff was at the time in the State
of Ohio, and hence that he was at the time a non-resident of
Illinois.

No question of collateral attack on the judgment of the
Probate Court of Cook county, Illinois, appointing plaintiff
in error administrator *de bonis non* of Maxon's estate, properly
arises on this record. The sole question is whether plaintiff in

error, by his allegation of his citizenship in Ohio, affirmatively showed on the face of the record, his want of legal capacity to institute this suit or file any plea herein, under the prohibitions of § 18, chap. 3, of the Administration Statutes of Illinois, as amended by the act of 1905, which provides that no non-resident of this State shall be appointed or act as administrator or executor.

Plaintiff's plea in abatement to defendant's removal petition is insufficient.

MR. JUSTICE HOLMES delivered the opinion of the court.

This was an action brought by the plaintiff in error to recover for the death of his intestate in a collision upon the defendant's railroad in Illinois. The action was begun in a court of the State and the defendants forthwith filed a petition for the removal of the cause to the United States Circuit Court. The petition averred, among other things, that the defendant was a corporation organized under the laws of Ohio and a citizen of that State, and was not a resident of Illinois, and that the plaintiff was a citizen and resident of Illinois. The removal was ordered and completed. Thereupon the plaintiff filed in the United States Court a plea, in which he alleged that the defendant was a corporation organized and existing under and by virtue of the laws of Illinois, Missouri, Indiana, Michigan and Ohio, by the consolidation of five other corporations, severally created by the laws of those States respectively, that the defendant was a citizen of and resident in Illinois and each of said other States, and that the plaintiff was a citizen of Ohio; and the plaintiff prayed judgment whether the court could take cognizance of the action.

The defendant, after having pleaded the general issue to the action, demurred to the plaintiff's plea. Upon a hearing the demurrer was sustained, and the plaintiff, electing to stand by his plea, a judgment was entered that the defendant recover its costs. The plaintiff prayed a writ of error, and the Judge

certified that the judgment was based solely on the ground that the controversy was one between citizens of different States, that in his opinion the record showed that the defendant was not a citizen of or resident in Illinois, that no other ground of jurisdiction appeared, and that jurisdiction was retained only for the reasons stated. A few days later, but after the writ of error had been taken out and filed, and after a new term of the Circuit Court had begun, the Judge undertook to amend the certificate on the ground that it had been signed inadvertently under a mistake as to its nature and contents, and to certify instead that the question of jurisdiction was not passed upon, but that the ground of the decision was that the plaintiff, being a citizen of Ohio, and therefore presumed not to be a resident of Illinois, was forbidden by the statutes of Illinois to act as administrator, and therefore had no standing to maintain the action or file the plea.

It is obvious that the mistake alleged by the new certificate was not clerical. The Judge did not write one thing when he meant to write another, and no inferior officer made a record not corresponding to the action of the court. We cannot read the words "Under a mistake as to the nature and contents thereof," as meaning that the Judge did not know that he was signing a certificate for this court, or as signifying more than that, if he had given the matter greater attention he would not have signed one saying what it said. The certificate must have received some consideration, as it contains a statement or ruling adverse to the plaintiff, to which we shall refer in a moment. This being so, it appears to us extremely questionable, at least, whether such a certificate, which is an act of record, stands on any different ground from judgments and the like when the term has passed; see *Wetmore* v. *Karrick,* 205 U. S. 141, 153, *et seq.; Michigan Insurance Bank* v. *Eldred,* 143 U. S 293, and also whether the so-called amendment, supposing it otherwise valid and properly made without leave of this court, can be considered by this court on the present writ of error. *Michigan Insurance Bank* v. *Eldred,* 143 U. S. 293; *McCarren* v.

*McNulty*, 7 Gray, 139; *Rice* v. *Minnesota & Northwestern R. R. Co.*, 21 How. 82.

If we were to consider the amendment it would amount to this: The plaintiff pleaded to the jurisdiction of the court as a court of the United States and stood upon his plea. The Judge, however, laid down a proposition of law on which he denied the right of the plaintiff to plead to the jurisdiction, and thereupon took jurisdiction so far as to give judgment for costs. By the analogies of the action of this court in other cases, we should decide for ourselves the preliminary as well as the final question of law in order to decide whether the Circuit Court, as a court of the United States, had the right to give any judgment, even for costs. If the preliminary question should be considered it would seem that the Judge below was wrong in taking the proviso in the Illinois statute (Laws of 1905, p. 2; Hurd, Rev. Stats. 1905, c. 3, § 18, pp. 107, 108), "that no nonresident of this State shall be appointed or act as administrator or executor," as opening the appointment of a citizen of Ohio to this kind of collateral attack. See *Simmons* v. *Saul*, 138 U. S. 439; *Salomon* v. *People*, 191 Illinois, 290, 294. It is not reasonable to interpret it as making such a severance between the appointment and the power to act which is a consequence of the appointment as to leave the former unimpeachable in these proceedings but its effect open to dispute. The words "or act" may have reference more especially to executors, and may be a reminiscence of the ancient law, by which they derived their powers from the will, a notion that has died hard. At all events presumably they offer an alternative to "shall be appointed," and refer to action without appointment in Illinois, for instance action by an administrator appointed elsewhere, not to action after appointment when one is made. As we read them with our present light, at least, we deem them insufficient to prevent the plaintiff from insisting upon his right to keep out of the United States court.

We proceed then to deal with the merits of the plea. The original certificate declares that the record shows that the de-

fendant is not a citizen of or resident in the State of Illinois. If this be correct, it maintains the right to remove, so far as it goes. The right is given in cases of this sort to defendants "being non-residents of that State," that is, of the State in which the suit is brought. Act of August 13, 1888, c. 866, 25 Stat. 433, 434. If the defendant is to be regarded as a citizen of Illinois, the right to remove did not exist. *Martin* v. *Snyder*, 148 U. S. 663. It was for this reason, no doubt, that the petition for removal alleged that the defendant was a citizen of Ohio, and that the certificate declared that it was not a citizen of Illinois. But the plea averred that it was organized and existed under the laws of that State as well as of the others named. It is true, however, that it did not and could not traverse the averment of the petition, considered as an averment of fact, and it was demurred to specially on that ground. Therefore the question is raised how a corporation or corporations thus organized shall be regarded for the purposes of a suit like this. No nice speculation as to whether the corporation is one or many, and no details as to the particulars of the consolidation, are needed for an answer. The defendant exists in Illinois by virtue of the laws of Illinois. It is alleged to have incurred a liability under the laws of the same State, and is sued in that State. It cannot escape the jurisdiction by the fact that it is incorporated elsewhere. The assent of the State to such incorporation elsewhere, supposing it to have been given, a matter upon which we express no opinion, cannot be presumed to have intended or to import such a change. This seems to be the opinion of the Supreme Court of Illinois, as it certainly has been shown to be that of this court. *Chicago & Northwestern Ry. Co.* v. *Whitton*, 13 Wall. 270; *Muller* v. *Dows*, 94 U. S. 444; *Memphis & Charleston R. R. Co.* v. *Alabama*, 107 U. S. 581; *Quincy Railroad Bridge Co.* v. *County of Adams*, 88 Illinois, 615; *Winn* v. *Wabash R. Co.*, 118 Fed. Rep. 55. What would be the law in case of a suit brought in Illinois upon a cause of action which arose in Ohio is a question that may be left on one side, as also may be the decisions in cases where a

corporation originally created in one State afterwards becomes compulsorily a corporation of another State for some purposes in order to extend its powers. *Southern Ry. Co.* v. *Allison*, 190 U. S. 326; *St. Louis & San Francisco Ry. Co.* v. *James*, 161 U. S. 545. In the case at bar the incorporations must be taken to have been substantially simultaneous and free. See *Memphis & Charleston R. R. Co.* v. *Alabama*, 107 U. S. 581. If any distinction were to be made it hardly could be adverse to the jurisdiction of Illinois, in view of the requirements of its constitution and statutes that a majority of the directors should be residents of Illinois, and that the corporation should keep a general office in that State. We are of opinion that the defendant must be regarded in this suit as a citizen of Illinois, and therefore as having had no right to remove. It follows that the cause should be remanded to the state court.

*Judgment reversed. Suit to be remanded to the state court.*