**GEOFFROY et al. v. NEW YORK, N. H. & H. R. CO.**

(District Court, D. Rhode Island. July 9, 1926.)

No. 1374.

Courts ⬤⇔314—Federal court in Rhode Island held without jurisdiction of a suit by a citizen of that state against a railroad company of another state, but also incorporated in Rhode Island (Laws R. I. 1893, p. 377, as amended by Laws 1915, p. 452). .

Where stockholders of a Connecticut railroad corporation were incorporated under the same name by Laws R. I. 1893, p. 377, as amended by Laws 1915, p. 452, for purposes of jurisdiction of a federal court in Rhode Island, the corporation is a citizen of that state, and cannot be sued in that court by another citizen of that state.

At Law. Action by Alfred Geoffroy against the New York, New Haven & Hartford Railroad Company. On pleas to jurisdiction. Pleas sustained.

Quinn, Kernan & Quinn, of Providence, R. I., for plaintiff.

Eugene J. Phillips, of Providence, R. I., for defendant.

BROWN, District Judge. This is an action on the case for negligence of the defendant railroad company, causing death at a railroad crossing in the town of West Warwick, R. I.

The writ describes the defendant as "the New York, New Haven & Hartford Railroad Company, a corporation organized and existing under the law of the state of Connecticut, with its principal place of business in the city of New Haven in said state."

The declaration alleges that the defendant was "doing business in the state of Rhode Island," and "operated a certain steam railroad in the town of West Warwick in said state of Rhode Island," etc.

The defendant, appearing specially, objects to the jurisdiction of the court, alleging "that said defendant is a citizen of the state of Rhode Island, and is an inhabitant and resident of the judicial district in which the suit is pending, of which state and judicial district the plaintiffs are also citizens, inhabitants, and residents"; also that ."it is a corporation duly incorporated and existing under the laws of the state of Rhode Island," etc.

In support of its pleas to jurisdiction, the defendant offered in evidence certified copies of "An act to incorporate the New York, New Haven & Hartford Railroad Company, a corporation of this state," May 17, 1893 (Laws R. I. 1893, p. 377), and an act in amendment thereof approved March 26, 1915 (Laws 1915, p. 452).

By section 1 of the original act, "the stockholders of the New York, New Haven & Hartford Railroad Company, a corporation under the laws of the state of Connecticut and of the commonwealth of Massachusetts, are hereby made a corporation under that name in this state," etc.

It is to be noted that the Connecticut corporation, as such, is not declared to be a corporation of the state of Rhode Island, but that the corporators under the Rhode Island act are those persons who are stockholders in the foreign corporation or corporations.

It is the plaintiff's contention that for jurisdictional purposes the defendant corporation must be regarded as a corporation of the state of Connecticut, where it was first incorporated, citing Southern R. Co. v. Allison, 190 U. S. 326, 23 S. Ct. 713, 47 L. Ed. 1078.

The plaintiff, however, is confronted by

decisions in this circuit dealing at length with the troublesome questions arising from the union in management of corporations created by different states.

These decisions are contrary to his contention: Goodwin v. N. Y., N. H. & H. R. Co. (C. C.) 124 F. 358; Smith v. N. Y., N. H. & H. R. Co. (C. C.) 96 F. 504; Peterborough R. Co. v. Boston & M. R. Co., 239 F. 97, 152 C. C. A. 147; Horne v. Boston & M. R. Co. (C. C.) 18 F. 50.

In Patch v. Wabash Railroad Co., 207 U. S. 277, 28 S. Ct. 80, 52 L. Ed. 204, 12 Ann. Cas. 518, the court refers to Southern Ry. Co. v. Allison, 190 U. S. 326, 23 S. Ct. 713, 47 L. Ed. 1078, and St. Louis & San Francisco Ry. Co. v. James, 161 U. S. 545, 16 S. Ct. 621, 40 L. Ed. 802, as cases "where a corporation originally created in one state afterwards becomes compulsorily a corporation of another state for some purposes in order to extend its powers," distinguishing the case before it as follows: "In the case at bar the incorporations must be taken to have been substantially simultaneous and free."

According to that decision the present defendant, if sued in the state court of Rhode Island would be regarded as a citizen of Rhode Island, having no right to remove the case to the federal court. See, also, Martin's Adm'r v. Baltimore & Ohio R. R., 151 U. S. 673, 14 S. Ct. 533, 38 L. Ed. 311; Memphis & C. R. Co. v. Alabama, 107 U. S. 581, 2 S. Ct. 432, 27 L. Ed. 518.

The highly artificial presumption that a corporation of a state is composed of citizens of such state does not require us to say that, because persons are stockholders of a Connecticut corporation, they are necessarily citizens of that state, and therefore that a Rhode Island charter incorporating such persons as stockholders does not incorporate natural persons who are citizens of Rhode Island.

Stockholders of a railroad corporation are residents of many states. The fiction that a corporation of a state is composed of citizens of that state is not reversible, and does not support the contention that stockholders of a Connecticut corporation are conclusively presumed to be citizens of that state, and not citizens of Rhode Island or some other state. The fiction of corporate citizenship is permissible and useful, if limited, but will not serve as a basis for a second and absurd fiction that a stockholder is a citizen of the state of the corporation whose stock he holds.

The question of jurisdiction here presented must be regarded as settled for this court by the decisions we have cited.

Pleas to the jurisdiction sustained.