BURNET FERGUSON, Administrator, Appellant, v. ROY L. CONNELL et al., Appellees.

No. 40896.

JUNE 20, 1931.

REHEARING DENIED SEPTEMBER 26, 1931.

L. E. Thompson and Ferguson & Ferguson, for appellant.

John Hampton and Wilson, Brown & Wilson, for appellees.

ALBERT, J.—This is the second appeal in this case, the opinion in the former appeal being found in 210 Iowa 419, where the principal facts of the case are set out.

On July 17, 1891, Nora Connell, a young unmarried woman living at Essex, Page County, Iowa, gave birth to a child who is known in the record as Floyd E. Jackson. She, with her child and her father's family, moved to Clarinda, in Page county, in the Fall of 1891, and in September, 1892, she married one Albert Jackson. They lived together as husband and wife until her death in 1900. The boy, Floyd, seems to have taken the name of his stepfather and lived with him in Page county from which place he went to the World War and was killed at Chateau Thierry, France, in July, 1918. At the time of his death he held

a War Risk Insurance policy of the government of the United States in the sum of $10,000.00. The government paid the annual installments as therein provided to the stepfather, the beneficiary named therein, up to the time of the stepfather's death in July, 1925, at which time there was still due on said policy the sum of $7,243.00 which was payable to the estate of Floyd E. Jackson.

On the 30th day of September, 1925, Roy L. Connell, uncle of Floyd, made application for the administration of Floyd's estate in the probate court of Linn county, Iowa, was appointed such administrator October 2, 1925, and as such administrator filed a bond in the sum of $10,000.00 with the National Surety Company of New York City as surety thereon, which Company is a party defendant herein. Thereafter the balance of the War Risk insurance was collected from the government and distribution made thereof to the brothers and sisters of Nora Connell Jackson, and in the regular way the estate in Linn county was closed on the 5th day of May, 1927, the administrator discharged and the sureties on the bond exonerated.

On May 3, 1927, the appellee, Burnet Ferguson, was duly appointed administrator of the estate of Floyd E. Jackson by the probate court of Page county, Iowa, and on the 6th of May following, this action was instituted to recover the proceeds of the said war insurance. The appointment of the administrator in Page county was upon the application made by the heirs of Albert Jackson, deceased. It is apparent, therefore, that this contest is one between the heirs of Albert Jackson and Nora Connell Jackson, the claim of the heirs of Albert Jackson being that through him the funds in question should be divided among his heirs, and the heirs of Nora Connell Jackson had no interest in or right thereto.

It is the claim of the plaintiff that while in fact Floyd was born to Nora Connell while she was unmarried, yet Albert Jackson was his father, and was so acknowledged and recognized by the father prior to his death, both orally and in writing. Without stopping now to set out the testimony, we are satisfied there was abundant evidence to carry this question to the jury.

If we assume that Floyd had established the fact that Albert Jackson was his father, then Floyd's mother having predeceased

him and his father having outlived him, Floyd's estate would therefore pass to the father and upon the father's death, to his heirs and beneficiaries. We thus reach the crucial question in this case.

In the former opinion in this case, the question was raised that this is an attempt to make a collateral attack on the proceedings in the Linn county probate court. We there held that until it was shown that fraud was perpetrated on the Linn county probate court inducing it to take jurisdiction, the proceedings in that county could not thus be collaterally attacked. This leads directly, therefore, to the record in the case to determine whether or not the evidence was such that the jury might pass upon the question of whether or not fraud was perpetrated upon the Linn county probate court in inducing it to take jurisdiction. In the former opinion, referring to the record then before the court, we said:

"Evidence on the part of the appellee, during the trial of the present controversy in Page county, indicated that decedent, when he died, was a resident of Page county. Appellants did not furnish counter testimony to disprove that fact in the Page County proceedings because they took the position that a collateral attack could not be made on a Linn County judgment. If, then, there could be no collateral attack on the Linn County judgment, it was not necessary for appellants to furnish evidence in the Page County proceedings concerning the facts which were actually before the Linn County court. A direct attack alone can be made in the premises. Wherefore the Page County district court erred, because the proceedings therein amounted to a collateral attack on the judgment of the Linn County district court, and appellants' motion for a directed verdict should have been sustained. Consequently they are entitled to a new trial."

With reference to the evidence of fraud in the former case, we said:

"Nevertheless, the appellee has not furnished the necessary proof to show the alleged fraud. While it is true, as before indicated, that some of appellee's witnesses in the present trial stated that Floyd E. Jackson's residence when he died was in

Page County, yet there is no legitimate inference arising therefrom which indicates that the proceedings in Linn County were fraudulently begun. * * * Someone, as the Linn County district court in its record declared, 'advised and satisfied' it 'in the premises.' Possibly those who thus 'advised and satisfied' the court at the Linn County hearing honestly had a different understanding of Floyd E. Jackson's residence from those who testified for appellee at the Page County trial. So, too, it may be that those who, in the manner and way aforesaid, 'advised and satisfied' the Linn County district court were right, and those who testified in the Page County district court were wrong. Determination of that controversy cannot be made in a collateral attack. Nowhere does it appear that the applicant for the original administration in Linn County did not act in good faith. Fraud does not appear to have induced the Linn County district court to assume jurisdiction of the administration. Therefore, even on appellee's theory there could be no collateral attack on the Linn County judgment until fraud is shown. Bad faith was not shown, and hence the attack should have been direct.''

We have before us then the question of whether or not the record on the present trial is any stronger than the record on the former trial on the question of the perpetration of fraud on the Linn county court to induce it to take jurisdiction.

The evidence in the instant case tends to show that at the time of the funeral of the father, Roy L. Connell, among others, was advised that Floyd E. Jackson died a resident of Page county, Iowa, and that administration of his estate must be taken out in that county. The application for administration in Linn county did not state that Floyd E. Jackson died a resident of that county, but that he was a resident of the State of Iowa at the time of his decease. The judgment entry on this application recites, among other things: ''The court having examined said petition and being fully advised and satisfied in the premises, said Roy L. Connell is appointed as administrator on the filing with the clerk of this court of a bond in the sum of Ten Thousand Dollars.'' The bond was filed and approved by the court and letters of administration issued accordingly.

There is no showing in the instant record as to what proof

there was made before the Linn county district court to induce it to take jurisdiction, but as said in the former opinion, the court found that it was fully "advised and satisfied in the premises." We held in the former opinion that this was not a sufficient showing of fraud to warrant a collateral attack on the Linn county proceedings.

Aside from the signing of the application for the appointment of administrator in the Linn county district court, there is no showing that Roy Connell testified in the hearing or in any other way influenced the district court of Linn county to take jurisdiction. Of course, it is admitted that Floyd Jackson died unmarried and without children. We have carefully read all of this record and do not find that the evidence is much stronger on this submission of the case than on the former submission, in so far as the question of fraud on the Linn county district court is concerned. What has been added to the testimony in this record which did not exist in the former record, to our minds, is not sufficient to make a jury question on the question of fraud. We think the district court was right in directing a verdict for the defendants, appellees.—Affirmed.

All justices concur except FAVILLE and STEVENS, JJ., who take no part.