BEN T. REIDY, Administrator, Appellee, v. CHICAGO, BURLINGTON & QUINCY RY. CO., Appellant.

No. 41874.

JUNE 20, 1933.

McNett, Kuhns & Brown, and J. C. Pryor, for appellant.

Mosman, Rogers & Buzard, and Stipp, Perry, Bannister & Starzinger, for appellee.

ALBERT, J.—The petition alleges that Kendall Lewis lost his life, through the negligence of the defendant, in a collision between a gasoline motor of defendant and a truck in which the said Lewis was riding. Defendant answered, admitting its corporate capacity, that it was engaged in the operation of a railroad running through the city of Ottumwa, and denied all other allegations of plaintiff's petition.

By way of further answer it specifically denied that the plaintiff was a duly appointed, qualified, and acting administrator of the estate of Kendall Lewis, and that he was authorized to bring this suit, but alleged the fact to be that Ben T. Reidy is and was at all times mentioned herein a resident of the city of Rock Island, Illinois, and attorney for the Southern Surety Company of New York at that place; that the Southern Surety Company of New York carried workmen's compensation insurance covering said Kendall Lewis, and, as such insurance carrier, is directly interested in the outcome of this litigation, and is the real party in interest; that the deceased left surviving him a brother, Owen W. Lewis, who is a physician and a resident of the city of Ottumwa, Iowa, but said Reidy failed to disclose to the clerk that he was and is a nonresident of the state, and failed to disclose the fact that Kendall Lewis left surviving him a brother as aforesaid; that said Ben T. Reidy procured from said clerk of the court letters of administration in this estate; that

he was appointed as such administrator through fraud and through connivance of the Southern Surety Company of New York, in which company all those directly interested in the outcome of this case executed an administrator's bond of said Ben T. Reidy as surety thereon; that said bond recited that "Ben T. Reidy is of the County of Polk and the State of Iowa"; that because of said facts said Ben T. Reidy is without capacity to maintain this action.

To this answer the plaintiff filed a motion to strike all that part thereof commencing with "but alleged the facts to be," and all that part of the answer which followed the same. This motion was sustained, to which exceptions were duly taken and the cause appealed.

The appellant says that there are only two issues before the court:

1. Is the plaintiff legally the administrator of the estate of Kendall Lewis, deceased, such legality being questioned not merely because the plaintiff is a nonresident, but because he obtained his appointment without disclosing the fact of his nonresidence?

2. Assuming that the plaintiff has the capacity to sue, is it not proper for the defendant to raise the issue as to whether or not he is the real party in interest as such issue had been raised in the portion of the answer which has been stricken upon motion of the plaintiff?

The appellee meets these contentions by contending that the questions thus raised by the appellant cannot be raised by way of collateral attack as is attempted in this case.

Turning to some of the fundamental questions, the district court is given original and exclusive jurisdiction of matters in probate under the statutes of this state, and its decisions are final in the absence of an appeal. Code 1931, section 10763; In re Kladivo's Estate, 188 Iowa 471, 176 N. W. 262; Erwin v. Fillenwarth, 160 Iowa 210, 137 N. W. 502; Lees v. Wetmore, 58 Iowa 170, 12 N. W. 238.

It seems to be generally settled that where the probate court is given jurisdiction by statute to decide certain matters, all questions necessarily passed on by that court in arriving at its decisions are finally adjudicated, and cannot be collaterally attacked in an independent proceeding. Christianson v. County of King, 239 U. S. 356, 36 S. Ct. 114, 60 L. Ed. 327.

Under the statutes of this state, the district court had the juris-

diction both of the subject-matter and of the parties to appoint this administrator. The first question above suggested by the appellant is the legality of this appointment; in other words, whether, as stated by the appellant, the plaintiff was legally the administrator of said estate. The attack, therefore, in this respect, is purely collateral, and, if the district court in the first instance had jurisdiction to make the appointment, of course, the validity of such appointment cannot be raised in this proceedings.

The appellant insists that because the nonresidence of Reidy was not disclosed to the court at the time the appointment was made, that fact affects the legality of the appointment. Assuming this nondisclosure, would it make the appointment void? If it did, then notwithstanding the general rule of a collateral attack, it would warrant such an attack being made because the appointment was absolutely void.

It is to be noticed that the fraud alleged here is not a charge of fraud in inducing the court to take jurisdiction in the making of the appointment, but a fraud in inducing the court to appoint the party administrator whom it did appoint. It necessarily follows then that the court had jurisdiction to appoint an administrator, and if it possessed this jurisdiction, then the same cannot be collaterally attacked.

We have held in this state that an action of a probate court cannot be collaterally attacked until it is shown that fraud was perpetrated on the court inducing it to take jurisdiction. See Ferguson v. Connell, 212 Iowa 1155, 237 N. W. 354.

We have no statute in this state prohibiting the appointment of a nonresident as administrator. On the other hand, we are committed to the doctrine that the court to which application is made for the appointment of an administrator may exercise his discretion if in his wisdom he deems it proper, and he may appoint a nonresident as administrator, and when he elects so to do, such appointment is not subject to collateral attack. See Chicago, B. & Q. Ry. Co. v. Gould, 64 Iowa 343, 20 N. W. 464; Vimont v. C. & N. W. Ry. Co., 64 Iowa 513, 17 N. W. 31, 21 N. W. 9; Foley v. Cudahy Packing Co., 119 Iowa 246, 93 N. W. 284; In re Estate of Bagnola, 178 Iowa 757, 154 N. W. 461, 160 N. W. 228; In re Rugh's Estate, 211 Iowa 722, 234 N. W. 278; Patch v. Wabash R. R. Co., 207 U. S. 277, at page 283, 28 S. Ct. 80, 52 L. Ed. 204, 12 Ann. Cas. 518.

It is our conclusion, therefore, that the district court had jurisdiction to appoint Reidy as administrator and such appointment is not subject to collateral attack, and, therefore, must be accepted as a verity.

II. As to appellant's second proposition, section 11920, Code 1931, provides that in cases of this kind the damages recovered shall be disposed of as personal property belonging to the estate of the deceased. If a cause of·action existed in favor of the estate of said Kendall Lewis by reason of section 10957 of the Code 1931, the same survived, and like any other personal property, it would pass to the administrator of his estate. When recovery is had by such administrator, the question of who is entitled to share in the damages thus recovered by the administrator is a legal one which is for determination in a probate proceedings, and not in this case. The allegations here made were such as would warrant a litigation as to their truthfulness, but not in this case. We conclude, therefore, that the district court was right in striking the part of the answer it did.—Affirmed.

KINDIG, C. J., and EVANS, DONEGAN, CLAUSSEN, and STEVENS, JJ., concur.