SEAVEY v. BOSTON & MAINE R. R.

No. 4627.

United States Court of Appeals First Circuit.

June 20, 1952.

Anthony Brayton, Boston, Mass., for appellant.

Parker Brownell, Boston, Mass., for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

WOODBURY, Circuit Judge.

Seavey, a citizen of Massachusetts, brought the instant action in the United States District Court for the District of Massachusetts against the Boston & Maine Railroad, alleging it to be a corporation organized under the laws of New York, to recover for personal injuries which he alleged he sustained in a head-on collision in Vermont between a train of the defendant upon which he was riding as a passenger and another train. The defendant answered denying negligence on its part and in addition asserting its incorporation in Massachusetts wherefore it challenged the court's jurisdiction. At the same time it filed a motion to dismiss for lack of jurisdiction and when this motion came on for hearing it was stipulated that the defendant, in addition to being incorporated under the laws of New York as alleged in the complaint, was also incorporated under the laws of Massachusetts.[1] There being no doubt whatever that the value of the matter in controversy was well over $3,000 exclusive of interest and costs, and that no federal question of any sort was involved, the court below forthwith granted the motion to dismiss, and entered the final judgment dismissing the action for want of jurisdiction from which the plaintiff has taken this appeal.

It is conceded, and it is obvious, that federal jurisdiction, if it exists, must rest upon Title 28 U.S.C. § 1332(a) (1) wherein original jurisdiction is conferred upon the district courts "of all civil actions where the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs, and is between: Citizens of different States". And the only question here is whether there is the requisite diversity of citizenship in view of the fact that the defendant corporation, in addition to existing under the laws of New York as alleged (and incidentally also under the laws of New Hampshire) also exists under the laws of Massachusetts where the plaintiff is a citizen.

The ruling of the court below dismissing the action for lack of jurisdiction is in conformity with precedents in this circuit, Goodwin v. N. Y., N. H. & H. R. R. Co., C.C., D.Mass.1903, 124 F. 358; Peterborough R. R. v. Boston & Maine R. R., 1 Cir., 1917, 239 F. 97; Geoffroy v. New York, N. H., & H. R. R. Co., 1 Cir., 1927, 16 F.2d 1017, and with a case in the Fourth Circuit in which the multi-state corporation was plaintiff, Town of Bethel v. Atlantic Coast Line R. Co., 4 Cir., 1936, 81 F.2d 60, certiorari denied, 298 U.S. 682, 56 S.Ct. 952, 80 L.Ed. 1402, and also with an earlier case in the Eighth Circuit. Missouri Pac. Ry. Co. v. Meeh, 1895, 69 F. 753, 30 L.R.A. 250. But the ruling below is squarely in conflict with a recent case in the Third Circuit. Gavin v. Hudson & Manhattan R. Co., 3 Cir., 1950, 185 F.2d 104.

While we agree with much that is said in the case last cited we do not agree with its result, but adhere to the previous decisions of this court cited above.

We agree with the Third Circuit that the state in which the claim sued upon arises, be it for tort or contract, is irrelevant for the reason that the causes of action on such claims are transitory. And we agree that the chronological order of incorporation in the several states involved is without legal significance. Also we think it unimportant whether the corpora-

---

1. We take judicial notice that Boston & Maine Railroad is also incorporated under the laws of New Hampshire. Peterborough R. R. v. Boston & Maine R. R., 1 Cir., 1917, 239 F. 97.

tion is the result of a merger or consolidation, or whether the charter or charters of incorporation subsequent to the first one were issued to natural persons or to a corporate entity already existing under the laws of some other state. Moreover, like the Third Circuit in the Gavin case we can and do distinguish the situation presented when a foreign corporation is compelled by local law to incorporate in a state in order to do business therein, for the defendant's incorporation in New Hampshire and Massachusetts was substantially simultaneous and so far as we can tell free, and for all that appears it voluntarily became a New York corporation many years later for purposes of its own. Compare Southern R. Co. v. Allison, 190 U.S. 326, 23 S.Ct. 713, 47 L.Ed. 1078, with Patch v. Wabash Railroad Co., 1907, 207 U.S. 277, 283, 284, 28 S.Ct. 80, 52 L.Ed. 204. Furthermore we agree with the Third Circuit that no important political, economic, sociological or ethical considerations are involved, but all that is required is a clear guide, such as is given by the rules of the road for traffic, to tell citizens whether they may sue a corporation organized in their own state and also in another in their local federal court or whether they may not.

There are no decisions of the Supreme Court directly in point that we have been able to find, and such authorities as there are in that Court "do not help us very much", as Judge Goodrich remarked in the Gavin case, [185 F.2d 107]. However, it appears to be the rule that for jurisdictional purposes a multi-state corporation must be regarded in each state of its incorporation as solely domesticated therein so that in consequence a citizen of another state can sue such a corporation under the diversity jurisdiction in a state where it is incorporated, even though the corporation is also organized under the laws of the state of the plaintiff's citizenship. See Railway Company v. Whitton's Adm'r, 1871, 13 Wall. 270, 283, 20 L.Ed. 571; Muller v. Dows, 1876, 94 U.S. 444, 447, 24 L.Ed. 207; Pennsylvania R. Co. v. St. Louis, Alton & Terre Haute R. Co., 1886, 118 U.S. 290, 298, 6 S.Ct. 1094, 30

L.Ed. 83. See also Memphis, etc., R. R. Co. v. State of Alabama, 1882, 107 U.S. 581, 585, 2 S.Ct. 432, 27 L.Ed. 518. It has been so held in this circuit. Boston & Maine R. R. v. Hurd, 1 Cir., 1901, 108 F. 116, 56 L.R.A. 193, certiorari denied, 1902, 184 U.S. 700, 22 S.Ct. 939, 46 L.Ed. 765; Boston & Maine R. R. v. Breslin, 1 Cir., 1935, 80 F.2d 749, 103 A.L.R. 695, certiorari denied, 1936, 297 U.S. 715, 56 S.Ct. 590, 80 L.Ed. 1000. Thus, assuming of course that the jurisdictional amount is involved, a citizen of state X can sue a corporation organized under the laws of state Y in the United States District Court for the District of Y even though the corporate defendant is also organized under the laws of state X. In view of the line of cases so holding, the Court of Appeals for the Third Circuit in the Gavin case found it incongruous to hold that a citizen of state X could not also sue the corporate defendant in state X. Judge Goodrich writing for the Court said:

"Defendant says that these plaintiffs from New Jersey could sue the New York defendant corporation in New York or that a New Yorker could come over to New Jersey and sue the defendant as a New Jersey corporation. But, says defendant, it cannot be sued in a federal court in New York by a New Yorker or in New Jersey by a New Jerseyite. Such a rule if adopted may be an effective means of promoting additional passenger business for the Hudson & Manhattan, but we think it would be pretty hard to explain its reason to a layman. Such a consideration should make us think twice before accepting the result. If a legal rule fails to satisfy the untechnical requirements of ordinary common sense the premises behind the rule had better be carefully examined."

While we have no little respect for the "untechnical requirements of ordinary common sense" it must be conceded that here we are perforce required to deal with unrealistic legal fictions inexplicable to a layman, although the basic fiction upon which the concept of corporate citizenship

rests impresses us as at least practical.[2] Thus, with deference to Judge Goodrich and the Third Circuit, we must confess that we do not see that the layman's view is particularly pertinent here. Nor do we see any glaring incongruity in the two lines of cases contrasted by Judge Goodrich, each of which is but a logical application of the rule that for jurisdictional purposes a multi-state corporation must be regarded in each state of its incorporation as solely domesticated therein. That is to say, although the rule results in jurisdiction in one situation and lack of it in the other, it seems to us that since it is the established rule that a multi-state corporation is so fully domesticated in each state of its incorporation that it is amenable to suit in a federal court under the diversity jurisdiction in any such state by a citizen of another state where it is incorporated, then it is entirely logical to hold, as previously held in this circuit, that such a corporation is also so fully domesticated in each state of its incorporation that it is not amenable to a similar suit in any state of its incorporation by a citizen of that same state.

Indeed we think there is support for this view in the language of Chief Justice Taney in Ohio & Mississippi R. Co. v. Wheeler, 1861, 1 Black 286, 17 L.Ed. 130, and even more direct support for it perhaps in Memphis, etc., R. R. Co. v. Alabama, supra, wherein it was held that a suit brought by the State of Alabama in a state court to collect a tax levied by a county through which the railroad ran could not be removed to the local federal circuit court for the reason that the railroad company was incorporated in Alabama as well as incorporated in Tennessee. There the Court said, 107 U.S., at page 585, 2 S.Ct. at page 436, with citation of cases:

"The defendant, being a corporation of the state of Alabama, has no existence in this state as a legal entity or person, except under and by force of its incorporation by this state; and, although also incorporated in the state of Tennessee, must, as to all its doings within the state of Alabama, be considered a citizen of Alabama, which cannot sue or be sued by another citizen of Alabama in the courts of the United States."

Furthermore an analogy from the rule of Strawbridge v. Curtiss, 1806, 3 Cranch 267, 2 L.Ed. 435 deserves consideration. If a natural person who is a citizen of Massachusetts cannot sue a natural person who is a citizen of New York and another natural person who is a citizen of Massachusetts in the United States District Court for the District of Massachusetts under the diversity jurisdiction, why permit a natural person who is a citizen of Massachusetts to sue in the same court and under the same jurisdiction a corporation which owes its corporate existence to, and hence is a "citizen" of, both New York and Massachusetts? The earlier Supreme Court cases stress the fact that although a multi-state corporation has one set of stockholders, one set of directors, one set of employees and is engaged in an integrated enterprise, it nevertheless is a separate legal entity in each state of its incorporation. See Nashua & Lowell Ry. v. Boston & Lowell Ry., 1890, 136 U.S. 356, 10 S.Ct. 1004, 34 L.Ed. 363.[3] If therefore the Boston & Maine Railroad is to be deemed a "citizen" both of Massachusetts and New York, it might be suggested that where, as here, a citizen of Massachusetts brings suit against such a corporation in a Massachusetts federal court, the situation

---

2. The fiction has been severely criticized, it is true, as judicial usurpation. McGovney, A Supreme Court Fiction, 56 Harv.L.Rev. 853, 1258 (1943). But it is so firmly established that if it is to be uprooted and cast aside the Supreme Court must do the job as in Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, it uprooted the usurpation embodied in the rule of Swift v. Tyson, 1842, 16 Pet. 1, 10 L.Ed. 865.

3. We cite this case for the proposition that a multi-state corporation is a multiple legal entity although this case would seem collaterally to support the result reached by the Third Circuit in the Gavin case. See Judge Soper's discussion in Town of Bethel v. Atlantic Coast Line R. Co., supra, 81 F.2d at pages 68 and 69.

is at least comparable to that where a plaintiff brings suit against two individual defendants jointly, one of whom has common citizenship with the plaintiff, thus defeating federal jurisdiction. Chief Justice Taney seems to have been reaching for this idea in Ohio & Mississippi R. Co. v. Wheeler, 1861, 1 Black 286, 297-298, 17 L.Ed. 130.

The suggested analogy, however, like many others, proves too much, for applying it to the established rule with respect to suit by an out-of-state plaintiff against a corporation organized under the laws of his own state and the state of the forum, it leads to the conclusion of lack of diversity jurisdiction, whereas Supreme Court cases already cited definitely establish that in this situation there is diversity jurisdiction for the reason that in each state of incorporation the corporation must be regarded as solely incorporated therein.

The sum and substance of the whole matter seems to be that for the life of the legal fiction of corporate citizenship in the state of incorporation, and, in the case of multi-state corporations, of the further fiction that in each state of incorporation the entity must be regarded as solely incorporated therein, we feel that we must resolve the quandary raised by the analogy just considered by adhering to the earlier decisions of this court. The above legal fictions are far too clearly and firmly established by decisions of the Supreme Court for us even to consider any other course than acceptance of them as binding upon us, so we must perforce decide this case as best we can without much reliance upon reasoning, except reasoning from the premise of the two fictions, as the previous discussion indicates. And recourse to practicalities provides no clear guide for decision. How many plaintiffs in suits against corporatons organized under the laws of the state of their citizenship and also under the laws of other states will prefer their state forum to a federal forum in some other state wherein the defendant is incorporated cannot, of course, be foretold. However, the only effect our decision can have will be to restrict the number of cases brought under the diversity jurisdiction, and this result we are inclined

to favor, although we must admit that so far as we can tell our decision will affect too few cases to make any appreciable difference in the volume of diversity cases.

Indeed, as we said earlier in this opinion, about all that is needed is a definite answer, and so without further exegesis on our part, which would serve no useful purpose in view of the thoughtful and thorough consideration given to the problem in the decisions of this and other courts cited herein, it will suffice for us to say that we abide by the previous ruling of this court, even though by so doing we reiterate and bring down to date the divergence between the view long held in this circuit and the view now taken in the Third Circuit.

The judgment of the District Court is affirmed.