**William WALLER, Plaintiff,**

v.

**NEW YORK, NEW HAVEN & HART-FORD RAILROAD CO.,**
**Defendant.**

United States District Court,
S. D. New York.

Feb. 2, 1955.

Cooper, Ostrin & De Varco, New York City, Thomas J. Doyle, New York City, of counsel, for plaintiff.

Edward R. Brumley, New York City, for defendant.

PALMIERI, District Judge.

This is an action to recover for personal injuries sustained by plaintiff while alighting from one of defendant's trains. Plaintiff is a citizen of Connecticut, and defendant is a corporation that is organized under the laws of Connecticut, Massachusetts and Rhode Island and is authorized to do business in New York.

Defendant moves to dismiss the action on the ground that this Court does not have jurisdiction over the action. See 28 U.S.C. § 1332(a) (1). Defendant contends that there is no diversity of citizenship between the parties because both it and the plaintiff are citizens of Connecticut. For his part, plaintiff denominates defendant a citizen of Massachusetts and claims that diversity does exist.

Each of the parties tries to analogize this case to a line of authority that it considers favorable to its position. Thus defendant relies on cases which hold that there is no diversity of citizenship when (1) in an action initiated in a federal court in state X plaintiff is a citizen of state X and defendant corporation is incorporated in states X and Y, Jacobson v. New York, N. H. & H. R. R. Co., 1954, 347 U.S. 909, 74 S.Ct. 474, 98 L.Ed. 1067; (2) in an action initiated in a federal court in state X plaintiff corporation is incorporated in states X and Y and defendant is a citizen of state X, Ohio & Miss. R. Co. v. Wheeler, 1862, 1 Black 286, 17 L.Ed. 130; Town of Bethel v. Atlantic Coast Line R. Co., 4 Cir., 81 F.2d 60, certiorari denied, 1936, 298 U.S. 682, 56 S.Ct. 952, 80 L.Ed. 1402; contra, Louisville, N. A. & C. Ry. Co. v. Louisville Trust Co., 1899, 174 U.S. 552, 19 S.Ct. 817, 43 L.Ed. 1081; Nashua & L. R. Corp. v. Boston & L. R. Corp., 1890, 136 U.S. 356, 10 S.Ct. 1004, 34 L.Ed. 363; and (3) in an action initiated in a state court of state X in which defendant corporation seeks to remove the action to the federal court in state X, defendant is incorporated in states X and Y and plaintiff is a citizen of state X. Patch v. Wabash R. Co., 1907, 207 U.S. 277, 28 S.Ct. 80, 52 L.Ed. 204; Memphis & C. R. Co. v. Alabama, 1883, 107 U.S. 581, 2 S.Ct. 432, 27 L.Ed. 518; but cf. Southern Ry. Co. v. Allison, 1903, 190 U.S. 326, 23 S.Ct. 713, 47 L.Ed. 1078.

Plaintiff relies on cases holding that there is diversity of citizenship when in an action initiated in a federal court in

state X plaintiff is a citizen of state Y and defendant corporation is incorporated in states X and Y. Pennsylvania R. Co. v. St. Louis, A. & T. H. R. Co., 1886, 118 U.S. 290, 6 S.Ct. 1094, 30 L.Ed. 83; Muller v. Dows, 1877, 94 U.S. 444, 24 L.Ed. 207; Boston & M. R. R. v. Breslin, 1 Cir., 1935, 80 F.2d 749, 103 A.L.R. 695, certiorari denied, 1936, 297 U.S. 715, 56 S.Ct. 590, 80 L.Ed. 1000; Lake Shore & M. S. Ry. Co. v. Eder, 6 Cir., 1909, 174 F. 944; Boston & M. R. R. v. Hurd, 1 Cir., 1901, 108 F. 116, 56 L.R.A. 193, certiorari denied, 1902, 184 U.S. 700, 22 S.Ct. 939, 46 L.Ed. 765; Lucas v. New York Central R. Co., D.C. S.D.N.Y.1950, 88 F.Supp. 536; Accord, Chicago & N. W. R. Co. v. Whitton's Adm'r, 1872, 13 Wall. 270, 20 L.Ed. 571; but cf. St. Louis & S. F. Ry. v. James, 1896, 161 U.S. 545, 16 S.Ct. 621, 40 L. Ed. 802.[1]

■■ None of these lines of authority is controlling in the instant case which can be schematized in the following way: An action initiated in a federal court in state X by a plaintiff who is a citizen of state Y against a defendant corporation that is incorporated in states Y and Z.

Nor does the reasoning of the cases cited by the Supreme Court in the Jacobson case, 1954, 347 U.S. 909, 74 S.Ct. 474, 98 L.Ed. 1067, afford any solution here. The decision in those cases is based on the premise that for the purposes of diversity jurisdiction a corporation that is incorporated in several states must be considered as solely a citizen of the state in which it sues or is sued. See Patch v. Wabash R. Co., 1907, 207 U.S. 277, 28 S.Ct. 80, 52 L.Ed. 204; Memphis & C. R. Co. v. Alabama, 1883, 107 U.S. 581, 2 S.Ct. 432, 27 L.Ed. 518; Seavey v. Boston & M. R. R., 1 Cir., 1952, 197 F.2d 485. Here the defendant is not incorporated in New York, the state in which it is being sued. But it is authorized to do business in New York and is therefore amenable to process.

In the absence of binding authority I believe that the decision in this case should be harmonized with the rule of Strawbridge v. Curtiss, 1806, 3 Cranch 267, 2 L.Ed. 435, which requires that all parties on one side be of diverse citizenship from those on the other side for the purposes of diversity jurisdiction. City of Indianapolis v. Chase National Bank,

1. The holdings of the cases can be graphically illustrated:

| Name of case | Plaintiff's citizenship | Defendant's citizenship | Location of federal court in which case initiated or to which removed | Decision |
|---|---|---|---|---|
| 1. Jacobson v. NY, NH & H RR | X | X and Y | X | No diversity |
| 2. Ohio & Miss RR v. Wheeler | X and Y | X | X | No diversity |
| 3. Patch v. Wabash RR | X | X and Y | X | No diversity |
| 4. Pennsylvania RR v. St. Louis, A & TH RR | Y | X and Y | X | Diversity |

1941, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47; Treinies v. Sunshine Mining Co., 1939, 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85. Plaintiff is a citizen of Connecticut. Defendant is a legal creature of Connecticut, Massachusetts and Rhode Island and is before this court as a "citizen" of each of these states. In my opinion this is analogous to a case in which a citizen of Connecticut sues three different persons one of whom is a citizen of Connecticut, another a citizen of Massachusetts, and the third a citizen of Rhode Island. Since in the latter case there could be no jurisdiction based on diversity, so here. See Seavey v. Boston & M. R. R., 1 Cir., 1952, 197 F.2d 485, 488–489; Hart & Wechsler, The Federal Courts and the Federal System 912, n. 1 (1953).

The decisions on this point that I have been able to find are in accord with the result reached in this case. See Dodd v. Louisville Bridge Co., C.C.W.D.Ky. 1904, 130 F. 186; Baltimore & Ohio R. Co. v. Thompson, D.C.E.D.Mo.1948, 8 F.R.D. 96, 98.

Motion granted. Case dismissed.